**James CAMPBELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–87–0360–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

March 10, 1988.

Joan E. Scroggins, Scroggins & Scroggins, Caldwell, for appellant.

Charles J. Sebesta, Dist. Atty., Washington County, for appellee.

Before JACK SMITH, COHEN and HOYT, JJ.

JACK SMITH, Justice.

This is an appeal from a conviction of murder. Appellant waived a jury trial and pleaded guilty pursuant to a plea bargain agreement. The trial court accepted the plea and sentenced appellant to 45 years confinement. In two points of error, appellant contends that the trial court erred in overruling his motion to dismiss and in overruling his motion to suppress.

The State contends that this Court lacks jurisdiction to hear this appeal. It asserts that appellant, who agreed to a plea bargain, failed to state in his notice of appeal that the trial court granted permission to appeal or that his contentions on appeal were raised by written motion and ruled on by the trial court before the trial. It is the State's contention that Tex.R. App.P. 40(b)(1) requires such a showing.

The Texas Court of Criminal Appeals recently ruled that an oral notice of appeal that was reduced to writing by the district clerk without the signature of appellant or his counsel is insufficient to grant a court of appeals jurisdiction under rule 40(b)(1). *Shute v. State*, 744 S.W.2d 96 (Tex.Crim. App., 1988). "Notice," under rule 40(b)(1), must be an "independent written notice of appeal" to invoke appellate jurisdiction.

Although appellant filed a written notice of appeal within the requisite 30 days from judgment, he did not specify all the required particulars in his notice of appeal. We note that "[a] judgment shall not be affirmed or reversed or *an appeal dismissed for defects in appellate procedure, either in form or substance*, without allowing a reasonable time to correct or amend such defects or irregularities...." Tex.R.App.P. 83 (emphasis added); *see also* Tex.R.App.P. 2(b), ("Except as otherwise provided in these rules, in the cause shown, a court of appeals ... may suspend requirements and provisions of any rule in a particular case on application of a party *or on its own motion* and may order proceed-

ings in accordance with its direction." (Emphasis added)).

We agree with the State that appellant's notice of appeal does not strictly comply with the requirements of rule 40(b)(1). However, because the notice of appeal was in writing and properly signed, the trial court and the State were placed on notice of appellant's intention to appeal. No interested party has been misled or harmed. We consider appellant's omissions to be omissions of form only and suspend the requirements of rule 40(b)(1) in the interest of protecting appellant's right to appeal, despite the lack of formality in his written notice of appeal. We hold that we have jurisdiction to hear this appeal.

■ In his first point of error, appellant contends that the trial court erred in overruling his motion to dismiss for failure to have an examining trial. Tex.Code Crim.P. Ann. art. 16.01 (Vernon Supp.1988) provides that an accused in any felony case shall have the right to an examining trial prior to indictment. In the instant case, prior to the examining trial, a grand jury indicted appellant. There is not a federal constitutional right to an examining trial, *Texas v. Reimer*, 678 F.2d 1232 (5th Cir. 1982), and the Court of Criminal Appeals has held that the return of an indictment eliminates the right to an examining trial. *Solomon v. State*, 467 S.W.2d 422 (Tex. Crim.App.1971). Because appellant's right to an examining trial was terminated by a grand jury indictment, we find no merit to his contention.

Appellant's first point of error is overruled.

■ In his second point of error, appellant contends that the trial court erred in overruling the motion to suppress his confession. Specifically, he contends that the confession was the product of coercion and that he was denied the right to have counsel present during his confession.

Challenges to the voluntariness of a confession generally should be directed to whether the trial court abused its discretion in one of its findings, or whether the court properly applied the law to the facts.

*Sinegal v. State*, 582 S.W.2d 135, 137 (Tex. Crim.App.1979). At the hearing on voluntariness, the trial judge is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. As such, he may believe or disbelieve all or any part of any witness' testimony. *Hawkins v. State*, 660 S.W.2d 65, 72 (Tex.Crim. App.1983); *Kelly v. State*, 621 S.W.2d 176 (Tex.Crim.App.1981). If the trial court's findings are supported by the record, this Court's only inquiry will be whether the trial court improperly applied the law to the facts. *Burdine v. State*, 719 S.W.2d 309, 318 (Tex.Crim.App.1986), *cert. denied*, — U.S. ——, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987); *Johnson v. State*, 698 S.W.2d 154, 159 (Tex.Crim.App.1985).

The trial court held a hearing on appellant's motion to suppress the confession on February 26, 1987. Testimony at the hearing indicated that appellant originally was contacted about the disappearance of complainant late in December of 1986. Officers wanted to question appellant because he was seen with complainant on the night of her disappearance. Appellant went to the police station to talk with the investigating officer on January 2, 1987. Complainant's body was discovered near a dump in Burleson County on January 11, 1987. A local wrecker driver reported towing appellant's truck from the mud near the location where the complainant's body was discovered. Burleson authorities issued a warrant for appellant's arrest and requested the Houston police to arrest appellant at his mother's home in Houston. Appellant was arrested, taken before a magistrate, and held for the Burleson County authorities.

Burleson County Deputies See and Randall went to Harris County, took custody of appellant, and returned him to Burleson County. There was no conversation with appellant during the trip. The following morning, appellant again was warned of his rights by a local justice of the peace. From this point, the officers and appellant differ in their versions of the facts.

Burleson County Sheriff Wilhelm testified that, after appellant was taken before

the magistrate and booked, he was taken to the Sheriff's Office. He testified that he and Texas Ranger Bob Connell asked appellant if he understood his rights and if he wanted to make a statement. Appellant responded by asking if he could call his mother. After talking to his mother, appellant said that he would make a statement. Appellant then made a verbal statement comparable to the later written statement. The Sheriff asked if appellant would make a written statement. Appellant agreed, but said that he was too nervous to write it himself.

The Sheriff left the office and Deputy See entered to write the statement. The Deputy stated that he took down appellant's statement, occasionally stopping appellant for clarification. The deputy then gave appellant five to 10 minutes to read and sign the statement. The handwritten statement was typed, four or five copies were made, and appellant was given the opportunity to read and sign the typed statements.

All four of the officers who testified stated that appellant never requested an attorney and that no threats or promises were made to appellant to coerce a confession regarding the murder.

Appellant testified that he asked the Burleson County Magistrate for an attorney but that there was no response. He said that when he was taken to the Sheriff's office, he again asked for an attorney, but was told that attorneys were only an expensive waste of money. Additionally, he claimed that he was not allowed to talk to his mother until after the confession. Appellant stated that both the Sheriff and Texas Ranger stated that he should talk or else he would anger the Sheriff. He also claimed that he was told that the Sheriff had the power to determine whether appellant was charged with capital murder, which possibly could result in a death sentence. Finally, he claims that he was told that the Sheriff could help him and possibly get him parole if he cooperated.

Appellant testified also that the incriminating portion of the confession was false; that it was fabricated by the peace officers. He stated that the wrecker driver, who claimed to have towed appellant's truck from the mud near the site where the body was found, was lying, as was complainant's father, who stated that appellant told him that he had been stuck in the mud near the dump.

The trial court's findings are supported by the record. Therefore, this Court's only inquiry will be whether the trial court improperly applied the law. *Burdine v. State,* 719 S.W.2d at 318.

The record indicates that appellant's statement was on a standard confession form entitled "Voluntary Statement." It contains all the requisite warnings for effective waiver and is witnessed by one of the officers. Therefore, the statement meets the requirements of article 38.22 and is admissible.

The trial court's findings are contrary to appellant's contentions that he requested a lawyer and that his confession was coerced. The trial court specifically found that appellant was aware of his rights, that he never requested an attorney, and that none of the officers threatened or promised him leniency for his confession. The trial court applied the proper law, and did not err in admitting appellant's confession. *Burdine v. State,* 719 S.W.2d 309, 318 (Tex.Crim. App.1986).

Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.