**Dennis Wayne JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–86–807–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 31, 1988.

Robert C. Bennett, Houston, for appellant.

John B. Holmes, Jr., Kathlyn Giannaula, Michael A. Roe, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

The opinion previously issued is withdrawn and the following opinion is substituted:

Appellant entered a plea of guilty before the court to the offense of possession of a controlled substance, methamphetamine, under 28 grams. TEX.REV.CIV.STAT. art. 4476–15, § 4.04(b). He was convicted

and the court sentenced him to ten years probation and a fine of five hundred dollars. Because this court lacks jurisdiction, we order the appeal dismissed.

On September 15, 1986, appellant was sentenced and gave oral notice of appeal. This was reduced to writing by the clerk of the court and filed among the papers of this cause. On December 4, 1986, this cause was dismissed for want of jurisdiction. Appellant filed a motion for rehearing which this court granted on February 19, 1987, and the appeal was reinstated.

On February 11, 1988, the appeal was again dismissed for want of jurisdiction, for failure to file a timely written notice of appeal. Appellant has filed a motion for rehearing in which he asks the court to reconsider its ruling of February 19, 1987, and to reinstate the appeal.

The reinstatement of the appeal which occurred on February 19, 1987, was based on a determination by this court that the notice of appeal in this cause constituted substantial compliance with TEX.R.APP.P. 40(b)(1). That rule requires "Notice of appeal shall be given in writing filed with the clerk of the trial court."

In *Shute v. State*, 744 S.W.2d 96 (Tex. Crim.App.1988) (not yet reported), the Court of Criminal Appeals considered for the first time the effect of Rule 40(b)(1), which requires written notice of appeal in criminal cases. The Court of Criminal Appeals held in *Shute* that Rule 40(b)(1) requires "independent written notice of appeal." Confronted with a notice of appeal form which is identical with the one employed in this case, the Court of Criminal Appeals said, "The lower court was correct in stating they were without jurisdiction to entertain the appeal."

Appellant would have us hold that TEX. R.APP.P. 83 permits this court to overlook a defective notice of appeal. We decline to so hold. Rule 83 provides, "A judgment shall not be affirmed or reversed or an appeal dismissed for defects or irregularities, in appellate procedure, either of form or substance...."

"Jurisdiction concerns the authority or power of a court to try a case." *Etchieson v. State*, 574 S.W.2d 753, 759 (Tex.Crim.App.1978). In the case of an appeal, jurisdiction involves the power or authority of an appellate court to decide an appeal. In the absence of such authority, any judgment entered by this court would be void and of no effect. *See Casias v. State*, 503 S.W.2d 262, 264 (Tex.Crim.App. 1973). While most rights and procedural matters may be waived, jurisdictional matters may not be. *Ex parte Smith*, 650 S.W.2d 68, 69 (Tex.Crim.App.1981); *Lackey v. State*, 574 S.W.2d 97, 100 (Tex.Crim.App. 1978).

While TEX.R.APP.P. 83 allows an appellate court to overlook certain defects of form and substance, we are not convinced that Rule 83 can be employed as a vehicle to expand the appellate jurisdiction of this court. As an intermediate appellate court we cannot engraft such a jurisdictional expansion onto Rule 83, particularly in view of the Court of Criminal Appeals, decision in *Shute*. In in the absence of notice "in writing filed with the clerk of the trial court," we are wholly without authority to entertain the appeal. *Shute* supra.

Accordingly, the appeal is dismissed for want of jurisdiction.

SEARS, Justice, dissenting.

Prior to *Shute* [1], it was common procedure in Harris County for a defendant, in open court, to give oral notice of appeal from a criminal conviction. The clerk of the court, in response to the oral notice, would fill in the blanks on a form prepared by the Harris County District Clerk's Office and entitled NOTICE OF APPEAL. The clerk then filed this written notice of appeal with the court and that written notice of appeal was then *entered of record*. This procedure has long been accepted by the bench, the State, the defense bar and the appellate courts of this state. All parties participated in the procedure, acknowledged the sufficiency of the notice of appeal, and acknowledged compliance with

1. *Shute v. State*, 744 S.W.2d 96 (Tex.Crim.App. 1988).

the rules of appellate procedure. Rule 40(b)(1) of the Texas Rules of Appellate Procedure, cited in *Shute*[2] as requiring "independent written notice of appeal", became effective September 1, 1986, and provides as follows:

> Appeal is perfected in a criminal case by giving timely notice of appeal.... Notice of appeal shall be given in writing filed with the clerk of the trial court. *Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order.* (Emphasis added).

Tex.R.App.P. 40(b)(1). The rule does not contain an express or implied requirement of "independent" written notice of appeal. Further, if it was intended as a requirement by those who drafted the new rules, it surely would have been included.

While I do not question the power of the Court of Criminal Appeals to interpret and apply the rules of criminal appellate procedure, I seriously question the power of any court to establish a requirement that did not previously exist, and then apply that requirement retroactively to deny an appellant the constitutional rights of appeal and due process. Ex post facto laws are prohibited by the federal constitution[3] and by the Texas constitution[4]. The right to fair warning is fundamental to our concept of constitutional liberty.

The terms "ex post facto" and "retroactive" are sometimes referred to as synonymous, and retroactive laws are included within the prohibition against ex post facto laws. *Bender v. Crawford*, 33 Tex. 745 (1870); *see Texas Industrial Accident Board v. Industrial Foundation of the South*, 526 S.W.2d 211, 220 (Tex.Civ.App.—Beaumont 1975), *aff'd* 540 S.W.2d 668 (Tex. 1976), *cert. denied*, 430 U.S. 931, 97 S.Ct. 1550, 51 L.Ed.2d 774 (1977). It is clear in our system of criminal jurisprudence that a person cannot be punished for an activity that was not a crime at the time it was committed, but was made a crime by some subsequent legislation. *Holt v. State*, 2

Tex. 363, 364 (1847); *Ex parte Bonham*, 707 S.W.2d 107, 108 (Tex.Crim.App.1986). It should likewise be clear that when an appellant follows a procedure that is accepted by the trial court, the State and the appellate court as being in compliance with the rules governing criminal appeals, he should not lose his constitutional right to appeal because that procedure is *subsequently* held to be insufficient to invoke the jurisdiction of the courts of appeal. Such a result is simply not compatible with sound judicial reasoning.

Finally, we can and should find as a matter of law that appellant was denied effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If an "independent" written notice of appeal is required in order to perfect an appeal and the attorney for appellant fails to file such "independent" notice, and, if as a result of such failure the appellant loses his right to appeal, then, he has been denied his constitutional right to effective assistance of counsel.

In the interest of good reason, justice and judicial economy, we should recognize the wrong, exorcise it and get on with the business of considering appellant's appeal.

---

**2.** *Shute v. State,* 744 S.W.2d at 97.

**3.** U.S.Const. art. 1, § 10.

**4.** Tex.Const. art. 1, § 16.