**Ralph Daniel YOUNG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 05–87–00148–CR, 05–87–00149–CR.**

Court of Appeals of Texas,
Dallas.

May 23, 1988.

Jack W. Taylor, Arlington, for appellant.

. Teresa Tolle, Dallas, for appellee.

Before DEVANY, McCLUNG and HECHT, JJ.

HECHT, Justice.

We grant the State's motion for rehearing and withdraw our prior opinion. The following is now our opinion.

Ralph Daniel Young pleaded guilty to two indictments each charging unlawful possession of a controlled substance, namely, amphetamine and LSD. The trial court found Young guilty upon his pleas and sentenced him to four years' imprisonment on each charge. In a single point of error, Young complains that the trial court erred in denying his pretrial motion to suppress the incriminating evidence against him seized by authority of a search warrant which Young argues was issued without probable cause. We overrule Young's point of error and affirm the judgment of the trial court.

I

■ After this case was submitted and while it was *sub judice*, we noticed a question as to our jurisdiction which had not been addressed by either party. A majority of this panel, one Justice dissenting, concluded that we have jurisdiction over this appeal. After the majority opinion issued, the State filed a post-submission motion to dismiss the appeal for want of jurisdiction. Having reconsidered the issue we reaffirm that we have jurisdiction of this case, although for different reasons than we expressed before.

The issue arises thusly. Young was convicted upon his guilty plea. His punishment did not exceed that recommended by the prosecutor and agreed to by Young and his attorney. Young's one point of error asserts a nonjurisdictional error that occurred prior to the entry of his plea, namely, that the trial court erred in denying a pretrial motion to suppress. Under these circumstances, recently adopted Texas Rule of Appellate Procedure 40(b)(1) provides:

in order to prosecute an appeal ... the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

In fact, the trial court did grant Young permission to appeal, and his complaint was raised by written motion and ruled on before trial. However, Young's original notice of appeal does not say so; it contains neither the statement nor the specification prescribed by the rule.

A notice of appeal must be written, signed and timely filed. TEX.R.APP.P. 40(b)(1). Young's notice of appeal meets these requirements. "Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order...." *Id.* Young's notice plainly reflects his intent to appeal, as expressly permitted by the trial court. Its only defect is that the language now required by the recently adopted appellate rules is not included. Under these circumstances we hold we have jurisdiction of the appeal. However, because rule 40(b)(1) makes inclusion of specific language in the notice a prerequisite to "prosecute" the appeal, we have abated the appeal to afford Young the opportunity to amend the notice. This he has done, and an amended notice fully complying with rule 40(b)(1) has been filed. Consequently, we conclude that Young is now entitled to prosecute his appeal, and accordingly, we turn to the single complaint he makes in the case.

## II

■ Young complains that the principal evidence against him was seized under a search warrant issued without probable cause and should have been suppressed. The warrant was issued based upon the following affidavit:

The undersigned Affiant, being a Peace Officer under the laws of Texas and being duly sworn, on oath makes the following statements and accusations:

1. There is in Dallas County, Texas, a suspected place and premises described and located as follows: A one level, warehouse storage cubicle, located at 2363 Reagan Street, unit numbered sixteen, in the City of Dallas, Dallas, County, Texas.

2. There is at said suspected place and premises personal property concealed and kept in violation of the laws of Texas and described as follows: A controlled substance; To Wit: Methamphetamine.

3. Said suspected place and premises are in charge of and controlled by each of the following persons: A white male known as Milton Lynn Decker, date of birth of 8–16–49, a white male known as Ralph Daniel Young, date of birth of 1–25–54, and person or persons unknown to the affiant.

4. It is the belief of Affiant, and he hereby charges and accuses, that: The above described white male and person or persons unknown to the affiant did knowingly possess the controlled substance Methamphetamine at 2363 Reagan Street, numbered sixteen, in the City of Dallas, Dallas County, Texas, on February 19, 1985.

5. Affiant has probable cause for said belief by reason of the following facts: I, the affiant, H.K. Sanders, am employed by the Dallas Police Department, Vice Control Division, Drug Abuse Section, as a police officer. I, the affiant, received information from a confidential reliable informant that the two described white males and person or persons unknown to the affiant did knowingly possess the controlled substance Methamphetamine at 2363 Reagan Street, cubicle numbered sixteen, in the City of Dallas, Dallas County, Texas, on February 19, 1985. This informant has been at the location within the past 24 hours.

I, the affiant, received this information from this informant on February 19, 1985.

I, the affiant, have received information on drug trafficing [sic] in the Dallas County area and this information has proven true and correct in the past, from this informant.

The sufficiency of an affidavit used to supply probable cause for issuance of a

search warrant and based in part upon information from a confidential informant must be determined from the totality of the circumstances. *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The *Gates* test replaces the former two-pronged *Aguilar–Spinelli* test which focused on the basis of the confidential informant's knowledge and his veracity or reliability. *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). Although no longer determinative, the *Aguilar–Spinelli* test is instructive. *Cassias v. State,* 719 S.W.2d 585, 587 (Tex.Crim.App.1986). The *Aguilar–Spinelli* test is also stricter than the *Gates* test. *Marquez v. State,* 725 S.W.2d 217, 233 (Tex.Crim.App.1987); *Ware v. State,* 724 S.W.2d 38, 41 (Tex.Crim.App.1986).

Young complains that paragraph 5 of the affidavit is conclusory. We disagree. The affidavit describes *who* was seen to possess the controlled substance, names *what* the controlled substance was, specifies *where* and *when* the possession was observed, and states *how* by first-hand observation the informant knew of the stated circumstances. This is sufficiently detailed information to provide probable cause for issuance of the warrant.

Although the affiant does not state that the informant observed persons in possession of a controlled substance *while* he was at the specified location at the time stated, that fact is clear from a careful reading of the affidavit. The affiant states that he received the information from the informant on February 19, 1985, that the informant was at the location within the 24 hours preceding, and that the persons described were in possession of the controlled substance on the same day, February 19, 1985. In other words, the informant knew that the persons described were in possession of a controlled substance at the place and time stated because he was there when it happened and observed it first-hand. Any reading of the affidavit to conclude that the informant visited the premises and later heard that the persons he had seen there were in possession of a controlled

substance would be strained and notional. The law permits no such reading of search warrant affidavits.

> A search warrant affidavit must be read in a commonsense and realistic manner, and reasonable inferences may be drawn from the facts and circumstances within its four corners.

*Cassias,* 719 S.W.2d at 587–588.

Although Young does not cite *Cassias,* that case is easily distinguishable from this one. In that case the affidavit in support of the search warrant did not state where the confidential informant said the accused possessed controlled substances. The court of criminal appeals refused to infer that the informant saw the accused with the controlled substances at the premises to be searched. Quite reasonably, the court noted, the informant might well have seen the accused anywhere. In the instant case the affidavit clearly states that the information provided to the affiant by the informant was that Young possessed a controlled substance at the premises to be searched. There is no need here for the inference the court of criminal appeals refused to draw in *Cassias.*

Although Young does not argue the point, the informant's veracity is established by the affiant's statement that the informant had provided true and correct information regarding drug trafficking in the past. Such statement has been held to be sufficient under the *Aguilar–Spinelli* test. *E.g., Torres v. State,* 552 S.W.2d 821, 832 (Tex.Crim.App.1977) ("The second prong of *Aguilar* was fulfilled by the recitations in the said affidavit that the affiant received information from a credible and reliable person who had given information in the past regarding narcotic traffic which had proven to be true and correct."); *Barnes v. State,* 504 S.W.2d 450, 454 (Tex.Crim.App.1974); *Hegdal v. State,* 488 S.W.2d 782, 785 (Tex.Crim.App.1972). As we have noted, the former *Aguilar–Spinelli* test was more demanding than the present *Gates* test.

In short, probable cause existed for issuance of the search warrant in this case.

Accordingly, we overrule Young's point of error and affirm the judgment of the trial court.