Gerald ROBERTSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 3-87-157-CR.

Court of Appeals of Texas,
Austin.

Nov. 16, 1988.

Larry Dowling, Dowling & Wilson, Austin, for appellant.

Ronald Earle, Dist. Atty., Laurie Booras, Asst. Dist. Atty., Austin, for appellee.

Before SHANNON, C.J., and CARROLL and JONES, JJ.

CARROLL, Justice.

A jury found appellant guilty of unlawful use of a motor vehicle. Tex.Pen.Code Ann. § 31.07 (Supp.1988). The jury assessed punishment at imprisonment for three years. We will dismiss the cause for want of jurisdiction.

Sentence in this cause was imposed in open court on June 24, 1987, at which time appellant orally stated his intent to appeal. He did not file a motion for new trial and never filed a written notice of appeal.

■ In order to perfect an appeal to this Court, it was necessary for appellant to give notice of appeal in writing on or before July 24, 1987. Tex.R.App.P.Ann. 40(b)(1) (Supp.1988). Although the transcript contains a written memorandum prepared by the district clerk acknowledging appellant's oral notice, this document does not constitute a written notice of appeal as required by Rule 40(b)(1). *Shute v. State,* 744 S.W.2d 96 (Tex.Cr.App.1988).

■ On oral argument appellant asked this Court to waive his failure to file written notice of appeal under either Tex.R. App.P.Ann. 83 or 2 (Supp.1988). We decline. Rule 83 is inapplicable when a defendant fails to file written notice of appeal. *Johnson v. State,* 747 S.W.2d 568 (Tex.App.1988, no pet.). Furthermore, under the facts of this case, we decline to suspend the notice requirements under Rule 2.

We dismiss the cause for want of jurisdiction.