Ricky Carl JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–88–823–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 20, 1989.

Wilford Anderson, Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

The trial court convicted Ricky Carl Jackson of the felony offense of possession of a controlled substance, cocaine, upon his plea of nolo contendere. In addition, appellant pled true to the enhancement allegations of a prior felony conviction. Appellant obtained an agreed recommendation from the State, and the trial court assessed punishment at eighteen years' confinement in the Texas Department of Corrections. Jackson raises one point of error, complaining of the trial court's denial of his motion to suppress evidence. We dismiss.

The State contends that the court lacks jurisdiction to hear this appeal, asserting that appellant's written notice of appeal does not strictly comply with TEX.R. APP.P. 40(b)(1), which states:

> Appeal is perfected in a criminal case by giving timely notice of appeal; except, it is unnecessary to give notice of appeal in death penalty cases. Notice of appeal shall be given in writing filed with the clerk of the trial court. Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea *the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.* The clerk of the trial court shall note on copies of the notice of appeal the number of the cause and the day that notice was filed, and shall immediately send one copy to the clerk of the appropriate court of appeals and one copy to the attorney for the State. (emphasis added.)

After reviewing appellant's written notice appeal, we find that it does not comply with TEX.R.APP.P. 40(b)(1). Jackson's notice of appeal does not state that the trial court granted permission to appeal nor does it specify the matters to be appealed were raised by written motion and ruled on before trial. Faced with the same issue, some of our sister Courts of Appeals have refused to dismiss for want of jurisdiction. The First Court of Appeals held the defect in the notice could be corrected under TEX. R.APP.P. 83 and TEX.R.APP.P. 2. *Jiles v. State*, 751 S.W.2d 620, 621 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd); *Campbell v. State*, 747 S.W.2d 65, 66–67 (Tex.App.—Houston [1st Dist.] 1988, no pet.). We have recently rejected the use of these rules of procedure to cure a jurisdictional defect such as the one which we now face. *Johnson v. State*, 747 S.W.2d 568, 569 (Tex.App.—Houston [14th Dist.] 1988, no pet.). The Dallas Court of Appeals, when faced with a similar issue, abated the appeal and allowed appellant the opportunity to amend his notice of appeal to comply with TEX.R.APP.P. 40(b)(1). *Young v. State*, 759 S.W.2d 680, 681 (Tex.App.—Dallas 1988, pet. ref'd). Finally, the Corpus Christi Court of Appeals held that even though appellant's written notice of appeal did not comply with TEX.R.APP.P. 40(b)(1), they were not prevented from reviewing appellant's additional points of error. *Rodriguez v. State*, 750 S.W.2d 906, 908 (Tex. App.—Corpus Christi 1988, pet. ref'd). We decline to follow the avenues which our

sister Courts of Appeals have taken with regard to an appellant's non-compliance with TEX.R.APP.P. 40(b)(1). We find that our sister Courts of Appeals' decisions are in conflict with both the Texas Court of Criminal Appeals' holdings in *Morris v. State,* 749 S.W.2d 772, 774 (Tex.Crim.App. 1988), and *Shute v. State,* 744 S.W.2d 96, 97 (Tex.Crim.App.1988), as well as the mandatory language in TEX.R.APP.P. 40(b)(1).

Thus, we find we do not have jurisdiction to consider appellant's appeal. *Johnson,* 747 S.W.2d at 569.

Accordingly, the appeal is dismissed for want of jurisdiction.