Willie **MILES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 1200–89.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 20, 1989.

On Rehearing Nov. 22, 1989.

Jeff Blackburn (on appeal only) Kay Davis (on appeal only), Amarillo, for appellant.

Danny Hill, Dist. Atty., and L. Charles Slaughter, Asst. Dist. Atty., Amarillo, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted for aggravated possession of marihuana on his plea of guilty. The trial court sentenced appellant to eight years confinement. The Court of Appeals granted a motion for an extension of time to file notice of appeal. *Miles v. State*, 781 S.W.2d 608 (Tex.App.—Amarillo 1989). The State filed a petition for discretionary review presenting one "question" and three "subsidiary grounds of error." [1]

The following facts are relevant. Appellant pled guilty on April 5, 1989. The judgment was signed on April 7, 1989. No motion for new trial was filed. On May 17, 1989, appellant filed a motion for extension of time in the Court of Appeals. No notice of appeal was filed in the trial court. The Court of Appeals originally dismissed the appeal.

On rehearing, appellant claimed that he would be denied effective assistance of counsel on appeal because his attorney failed to file notice of appeal in the trial court. The Court of Appeals held that under Tex.R.App.Pro. 83, appeals did not have to be dismissed for form defects in appellate procedure, rejecting the Houston Court of Appeals' contrary finding in *Johnson v. State*, 747 S.W.2d 568 (Tex.App.—Houston [14th] 1988, no pet.). The motion for extension of time to file notice of appeal was then granted.

In its petition, the State argues that written notice of appeal filed in the trial court is a jurisdictional prerequisite for appellate review. Since appellant never filed written notice of appeal, the Court of Appeals never had jurisdiction, citing *Shute v. State*, 744 S.W.2d 96 (Tex.Cr.App.1988). Thus,

---

1. Rule 202 of the Texas Rules of Appellate Procedure refers to "grounds for review" and "reasons for review." The State's use of "question" and "subsidiary grounds of error" does not comport with the rules regarding the proper presentation of error in a petition for discretionary review. Given the ultimate disposition of this case, however, the State's error is irrelevant.

the court had no authority to grant the extension of time.

This Court need not consider the issues raised in the State's petition. Ordinarily, this Court will not entertain a petition for discretionary review from an interlocutory order of the Court of Appeals since such an order does not finally dispose of the case in that court. *Measles v. State,* 661 S.W.2d 732 (Tex.Cr.App.1983).

In *Measles,* id., however, the petition was refused. In the instant case, this petition must be dismissed. Tex.R.App. Pro. 41(a)(2) provides that an extension of time may be granted to file notice of appeal if notice of appeal is filed in the trial court and the motion for extension of time is filed in the Court of Appeals. All agree in the instant case that no notice of appeal was ever filed in the trial court. Since some written notice of appeal is essential to invoke the appellate court jurisdiction under *Shute,* supra, and since no notice was filed at all in this case, the Court of Appeals never acquired appellate jurisdiction.[2]

The State's petition for discretionary review is dismissed.

CLINTON and MILLER, JJ., dissent to the dismissal.

TEAGUE and WHITE, JJ., not participating.

---

2. Tex.R.App.Pro. 83 applies to defects in notice of appeal but does not apply when no notice of appeal is ever given.