**Gene Autry JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 038–89.

Court of Criminal Appeals of Texas, En Banc.

Sept. 26, 1990.

Robert J. Gradel, Lampasas, for appellant.

Arthur C. Eads, Dist. Atty., and James T. Russell, Asst. Dist. Atty., Belton, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S AND STATE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appeal is taken from a conviction for driving while intoxicated, third offense. Art. 6701*l*–1(e), V.A.C.S. After finding appellant guilty, the trial court found appellant to be a habitual offender, V.T.C.A., Penal Code § 12.42(d), and assessed his punishment at twenty-five years imprisonment in the Texas Department of Criminal Justice, Institutional Division.

In appellant's petition for discretionary review, he argues that the sentence of twenty-five years exceeded the maximum allowed for this offense. Appellant bases this argument on the contention that § 12.42 cannot be used to enhance this offense. Appellant asserts that § 12.42 applies only to offenses enumerated as felonies within the Penal Code, and not to Art. 6701*l*–1(e) because it is not designated as a felony and its punishment range is less than that for a third degree felony.

The Court of Appeals disagreed with appellant, and held that "punishment for driving while intoxicated, third offense, may be enhanced pursuant to § 12.42 by proof of one or more previous convictions for a felony offense other than driving while intoxicated.... The district court did not err in overruling the motion to quash the enhancement paragraphs." *Jones v. State*, 762 S.W.2d 330 (Tex.App.–Austin, 1988). In reaching this decision, the Austin Court of Appeals refused to follow the holding in *Childress v. State*, 756 S.W.2d 11 (Tex.

App.–1 Dist.1988), which reached an opposite result. We granted appellant's petition to resolve this conflict between the courts of appeals.

Recently, this Court handed down a decision in *Childress v. State*, 784 S.W.2d 361 (Tex.Cr.App.1990), reversing the decision of the First Court of Appeals. In that case, the defendant was convicted of the offense of failure to stop and render aid, Art. 6701d, §§ 38 and 40, V.A.C.S., enhanced with two prior felony convictions. This Court decided V.T.C.A., Penal Code § 12.41 applies to determine if an offense to be enhanced is classified as a felony or misdemeanor, when that offense is defined outside the Penal Code and is not classified in accordance with the provisions of the Penal Code. Applying this rule to the offense of failure to stop and render aid, this Court held because that primary offense carried penitentiary time as a possible punishment, it would be considered a third degree felony and, therefore, would be subject to enhancement by proof of two prior felony convictions under § 12.42(d). *Childress*, 784 S.W.2d, at 365–66.

Because driving while intoxicated, third offense, Art. 6701*l*–1(e), V.A.C.S., carries penitentiary time as a possible punishment, we hold that it is also considered a third degree felony, and is also subject to enhancement by proof of two prior felony convictions under § 12.42(d). *Childress*, *supra*, and *Phifer v. State*, 787 S.W.2d 395 (Tex.Cr.App.1990). The trial court acted correctly when it denied appellant's motion to quash the two enhancement paragraphs

of his indictment. The Court of Appeals properly affirmed this decision. We overrule appellant's ground for review.

■ In the state's petition for discretionary review, it argues that the Court of Appeals erred when it held that Tex.R. App.P., Rule 83 [1] permitted the appellant to appeal the trial court's decision overruling his motion to quash the indictment after the state had filed its brief seeking dismissal of this point because of appellant's failure to perfect his appeal in a proper manner. On September 8, 1988, appellant pled guilty, and his punishment was assessed in accordance with a plea bargain agreement with the state. When appellant gave his written notice of appeal on September 13, 1988, it did not comply with the requirements of Tex.R.App.P., Rule 40(b)(1) [2]. In that notice, appellant stated only,

"Now comes R.J.G., attorney for Gene Autry Jones and hereby gives notice of appeal in the above case. Defendant requests the Court order a transcript of this proceeding, as defendant is too poor to pay for said transcript."

On October 26, 1988, the state sent a certified copy of its response to appellant's brief to the appellant. In that brief, the state pointed out the defect in appellant's notice of appeal. On October 28, 1988, fifty-one days after he was sentenced and forty-six days after filing his invalid notice of appeal, appellant filed an amended notice of appeal which complied with Rule 40(b)(1) by specifying the matters raised in his pretrial motion and stating the trial

1. Tex.R.App.P., Rule 83 sets out that:
   A judgment shall not be affirmed or reversed or an appeal dismissed for defects or irregularities, in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities provided the court may make no enlargement of the time for filing the transcript and statement of facts except pursuant to paragraph (c) of Rule 54 and except that in criminal cases late filing of the transcript or statement of facts may be permitted on a showing that otherwise the appellant may be deprived of effective assistance of counsel.

2. Tex.R.App.P., Rule 40(b)(1) sets out that:
   "Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; but if the judgment was rendered upon his plea of guilty or nolo contendere ursuant to Art. 1.15, V.A.C.C.P., and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea *the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised on written motion.*"
   In the instant case, appellant's pretrial motion raised a nonjurisdictional defect, to wit, a defect in the enhancement allegations of his indictment.

court granted him permission to appeal. On October 28, 1988, both briefs were forwarded by the District Clerk to the Third Court of Appeals. From these facts, it is apparent that appellant's September 13th notice of appeal was invalid, that he filed no request with the Court of Appeals to file an amended notice of appeal, and that he did not request an extension of time "reasonably explaining the need for such extension." See Tex.R.App.P, Rule 41(b)(2).

The Court of Appeals held because appellant "promptly corrected" the defect after it was called to his attention, the appeal was properly before that court. *Jones, supra,* at 331. The Court of Appeals went on to explain that this case is distinguishable from a case where a defendant completely fails to file a written notice of appeal. The Court of Appeals asserts that Tex.R.App.P., Rule 83 "may be employed to correct a defect in the written notice of appeal," and relies upon the cases of *Robertson v. State,* 760 S.W.2d 836 (Tex.App.– Austin, 1988) and *Shute v. State,* 744 S.W.2d 96 (Tex.Cr.App.1988). *Jones, supra,* at 331.

We note, initially, that neither *Robertson* nor *Shute* are authority for the Court of Appeals' holding on the scope of Rule 83. Both cases simply stand for the rule that a court of appeals is without jurisdiction to hear an appeal where an invalid notice of appeal had been given to the trial court (in both cases, the defendants merely gave an oral notice of appeal to the trial court). *Robertson, supra,* at 836; and *Shute, supra,* at 97. Having found that the Court of Appeals' decision in this matter was without authoritative support from this Court, we turn to the merits of the state's argument.

The state contends that appellant's notice of appeal only invoked the appellate jurisdiction of the Court of Appeals to consider the limited issues of jurisdictional defects or matters arising after the entry of appellant's plea, and not on the merits of appellant's pre-trial motion. The state bases this argument on the unequivocally mandatory language of Rule 40(b)(1). The state alleges that since appellant's notice of appeal failed to comply with the mandatory requirements of Rule 40(b)(1), it had no validity in regard to the non-jurisdictional defects raised in appellant's pretrial motion to quash the indictment. We agree with the state that appellant failed to preserve any non-jurisdictional defects for his appeal, but not because the Court of Appeals lacked jurisdiction.

■ Once a notice of appeal has been filed in a case, the Court of Appeals has obtained jurisdiction of that cause. Art. V., § 6, Texas Constitution, confers jurisdiction of all non-death penalty cases on the courts of appeals. This has been recognized by the courts of appeals, though there is some disagreement among the lower courts. In *Campbell v. State,* 747 S.W.2d 65 (Tex.App.—Houston [1 Dist.], 1988), Justice Smith held that the Court of Appeals had jurisdiction even though the defendant's notice of appeal did not fully comply with the Rules of Appellate Procedure. *Campbell, supra,* at 66–67. In *Young v. State,* 759 S.W.2d 680 (Tex.App.– Dallas, 1988), Justice Hecht reached a similar conclusion, that jurisdiction is set within the Court of Appeals once a notice of appeal has been filed. Contra, *Johnson v. State,* 747 S.W.2d 568 (Tex.App.—Houston [14 Dist.], 1988); *Jackson v. State,* 775 S.W.2d 422 (Tex.App.—Houston [14 Dist.], 1989).

However, we disagree with Justices Smith and Hecht on the issue of the extent of a defendant's right to appeal once he has filed his notice and jurisdiction of that appeal has been conferred. Rule 40(b)(1) is a restrictive rule. It regulates the extent of the grounds upon which a defendant can appeal. The method of regulation is the nature of the notice filed by a defendant. If he wishes to appeal a matter which is nonjurisdictional in nature or occurred prior to the entry of his plea, then he must conform to the requirements of the statute and include within his notice what the grounds of appeal are and the fact that he has received the permission of the trial court to appeal those matters. See note 2, infra. This Court reached a similar result when reviewing an appeal under former

Art. 40.02, the precursor to Rule 40(b)(1). *Morris v. State*, 749 S.W.2d 772 (Tex.Cr. App.1986). In the instant case, appellant failed to file a notice of appeal which would permit him to appeal the nonjurisdictional matter complained of here.

■ The dissent argues that Rule 83 gives the Court of Appeals power to permit appellant to amend his notice of appeal out of time, and relies on footnote 2 in *Miles v. State*, 780 S.W.2d 215, at 216 (Tex.Cr.App. 1989). We note that footnote 2 in *Miles* was dicta in that case, and do not find that it is controlling in the instant case.

■ Appellant argues the case of *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) is authority for us sanctioning the Court of Appeals' decision to waive the defect in his notice of appeal. We find *Evitts* to be distinguishable. In *Evitts*, the defendant filed a timely written notice of appeal, but failed to file a "Statement of Appeal", which is designed to assist the Court of Appeals in processing the records of an appeal. In *Evitts*, the Court specifically points out that compliance with that rule "is not jurisdictional." *Evitts, supra*, at 832. In the instant case, compliance with Rule 40(b)(1) is necessary for a defendant to avoid statutory restrictions on his right to appeal.

We hold that the Court of Appeals in the instant case should not have entertained appellant's appeal of a nonjurisdictional matter. Tex.R.App.P. Rule 83 does not cure this defect.

The decision of the Court of Appeals on the issue of whether driving while intoxicated, third offense, is a felony that can be enhanced under the provisions of § 12.42(b) is affirmed. The decision of the Court of Appeals on the issue of whether appellant perfected his appeal of the matter raised in his pre-trial motion is reversed. The judgment of the trial court is affirmed.

CLINTON, MILLER and STURNS, JJ., dissent.

TEAGUE, Judge, dissenting.

I first point out that although I continue to subscribe to the view that I set out in the dissenting opinion I filed in *Childress v. State*, 784 S.W.2d 361 (Tex.Cr.App.1990), I momentarily concede defeat to the majority's holding that V.T.C.A., Penal Code § 12.42 can be used to enhance a criminal offense that is set out in, not the Penal Code of this State, but, instead, the civil statutes of this State.

I file this dissenting opinion to express my disagreement with the majority's holding that the court of appeals had no jurisdiction to accept Gene Autry Jones', henceforth appellant, amended notice of appeal, which amendment shows on its face that the defect that existed in appellant's original notice of appeal has been cured.[1] If one carefully reads all of this Court's 7–2 decision of *Miles v. State*, 780 S.W.2d 215 (Tex.Cr.App.1989), especially footnote 2 found on page 216, I believe he will conclude as I have done that today's majority opinion, which does not even mention that case, expressly conflicts with that opinion.

The record of this cause reflects that this case was disposed of in the trial court pursuant to a plea bargain agreement. In exchange for a plea of guilty from appellant, and pleas of true to the enhancement allegations of the indictment, the State agreed to recommend to the trial judge the

---

1. Texas appellate courts exist in order to cure errors that have deprived either of the parties to a lawsuit of a fair trial. They do this by deciding appeals. Therefore, appellate courts must be open to the parties so that trial court errors may be corrected or cured. It is now without question that the courts of appeals have the jurisdiction to hear ordinary criminal cases on direct appeal to those courts. See Article V, § 6, Texas Constitution. Also see Art. 4.03, V.A. C.C.P. It is also true that "[o]nce jurisdiction of an appellate court is invoked, exercise of it's reviewing functions is limited only by it's own

discretion or a valid restrictive statute." *Carter v. State*, 656 S.W.2d 468 (Tex.Cr.App.1983).

I also point out that effective September 1, 1986, when this Court adopted Texas Rules of Appellate Procedure, the Court repealed the proviso of Art. 44.02, V.A.C.C.P., by operation of law under former Art. 1811e, V.A.C.S. (§§ 1–7 since transferred to Government Code and repealed Acts 1985, 70th Leg., ch. 148, § 2.04(b), p. 543). The proviso part of Art. 44.02, supra, is now found in Rule 40(b)(1), *Tex.R.App.Proc.* Also see *Padgett v. State*, 764 S.W.2d 239 (Tex. Cr.App.1989)

sentence of 25 years' confinement in what is now the Texas Department of Criminal Justice, Institutional Division. The trial judge heard arguments on appellant's motion to quash the enhancement allegations of the indictment in this cause, and overruled same. Thereafter, the trial judge stated into the record, inter alia, that "except as to pre-trial motions, which have been made here, or with permission of the Court, there would be no appeal," and accepted appellant's plea of guilty and pleas of true. The trial judge assessed appellant's punishment at 25 years' confinement in what is now the Texas Department of Criminal Justice, Institutional Division.

Thereafter, appellant gave timely written notice of appeal, but same was defective because it failed to set out therein that the trial judge had given appellant permission to appeal his ruling on appellant's motion to quash the indictment. Thus, as a matter of law, counsel was ineffective in the giving of the written notice of appeal, and under this Court's many, many cases appellant will in the future be granted an out-of-time appeal. Thus, this is another one of those "pay me now or pay me later" cases. See and compare *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), regarding counsel being ineffective for failure to comply with a procedural rule of law that pertains to appeals.

The State, in its appellate brief on direct appeal, notwithstanding that the record is perfectly clear that everyone, the trial judge, the prosecuting attorney, appellant, and his attorney, was satisfied that appellant could appeal the trial judge's ruling on appellant's motion to quash the indictment, argued that although appellant had actually given timely written notice of appeal, such was defective because it did not contain a statement therein that the trial judge had given appellant permission to appeal his ruling on appellant's motion to quash the indictment, thus causing the court of appeals to lack jurisdiction over the case. The defect did not go to jurisdiction; it went to a failure to comply with a procedural rule of law. It should therefore be obvious to almost anyone that attempting to take advantage of a "technicality" in the law is not just reserved for defendants.

The record makes it obvious that after receiving a copy of the State's brief, appellant's counsel then became aware of the omission in the original notice of appeal, after which he filed an amended notice of appeal, in which he set out the "magic" words of Rule 40(b)(1).

On direct appeal, again given the facts of this cause, in hypertechnical fashion, the State argued that the court of appeals did not have *jurisdiction* over appellant's appeal because of the above defect in the original notice of appeal. The Third Court of Appeals, however, in its opinion of *Jones v. State*, 762 S.W.2d 330 (Tex.App.–Austin 1988), and relying upon Rule 83, Tex.R. App.Pro., rejected the State's contention. It ruled: "The appeal is properly before this Court." The court of appeals also held: "Rule 83 may be employed to correct a defect in the written notice of appeal, but cannot and should not be used to excuse the failure to file any notice whatsoever." Thus, finding that appellant *had timely and actually given notice of appeal*, the court of appeals ruled that although appellant's original notice of appeal was defective because it did not state therein that the trial judge had granted appellant permission to appeal the overruling of his pretrial motion to quash the enhancement allegations of the indictment, the defect was cured pursuant to Rule 83, which provides in part: "A judgment shall not be affirmed or reversed or an appeal dismissed for defects or irregularities, in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities....."

Today, a majority of this court holds that the terms of Rule 40(b)(1) are jurisdictional, and any defect existing in the original notice of appeal given pursuant to Rule 40(b)(1) cannot be cured under Rule 83. This decision easily conflicts with this Court's decision of *Miles v. State*, supra.

In *Shute v. State*, 744 S.W.2d 96, 97, fn. 1 (Tex.Cr.App.1988), in the concurring opinion that he filed therein, Judge Clinton pointed out that those individuals who

drafted the proposed rules of appellate procedure "made a conscious decision to conform criminal appellate procedure to that in place on the civil side was deemed preferable or required by some criminal law aspect...." Therefore, from a practical standpoint if nothing else, the "civil law" closely resembles a "bell cow," with the "criminal law" following the "bell cow" wherever she goes. However, and contrary to the court of appeals, which held that Rule 83 "may be employed to correct a defect in the written notice of appeal ... [which] view is in accord with the practice under former Tex.R.Civ.P. 437, from which Rule 83 is derived," this Court, without explaining why, balks and refuses to follow the "civil law bell cow" in this cause. Also see and compare *Inpetco, Inc. v. Texas American Bank/Houston,* 729 S.W.2d 300 (Tex.1987). I point out that this Court ruled against the defendant in *Shute* the first time around. However, in an Art. 11.07, V.A.C.C.P., proceeding, this Court, in an unpublished opinion, see *Ex parte Shute,* No. 70,203, June 15, 1988, ordered that Shute be granted an out-of-time appeal.

I pause to ask the majority of this Court: If the omission in the original notice of appeal caused the court of appeals to lack jurisdiction over the appeal, then why on earth is this Court wasting its precious time writing on a non-issue? Has the majority opinion also repealed Rule 2(b), Tex. R.App.Pro., which provides that either this Court or a court of appeals may on its own motion suspend any rule of appellate procedure in a given case? Also see *Francis v. State,* 774 S.W.2d 768 (Tex.App.–Corpus Christi 1989), and *Jiles v. State,* 751 S.W.2d 620 (Tex.App.–Houston [1st Dist.] 1988).

Amazingly, the majority opinion completely ignores this Court's recent 7–2 opinion of *Miles v. State,* supra, in which this Court expressly held: "Tex.R.App.Pro. 83 applies to defects in notice of appeal but does not apply when no notice of appeal is ever given." Fn. 2, at page 216. Why is such not applicable to this cause?

In the dissenting opinion that he filed in *Gomez v. State,* 763 S.W.2d 583, 585, 586 (Tex.App.–Corpus Christi 1988), Justice Seerden correctly pointed out the following: "A court may not modify a person's constitutional rights by using its rule making authority ... A State may not, consistent with due process, extinguish the right to appeal because of ineffective assistance of counsel ... An appeal's purpose is to determine whether an individual has been lawfully convicted...."

Chief Justice Brown of the Fourteenth Court of Appeals pointed out in *Jackson v. State,* 775 S.W.2d 422, 423 (Tex.App.–Houston [14th Dist.] 1989), that the cases by the courts of appeals are (in 1989) probably evenly split over whether the defect of omission is procedural or jurisdictional. I have found nothing to indicate there has since been a change in the figures. The major change that I have found in my research is that the courts of appeals which have ruled that the defect of omission is jurisdictional did not have the benefit of this Court's decision of *Miles v. State,* supra, especially footnote 2 therein. Also see Justice Boyd's concurring opinion that he filed in the Amarillo Court of Appeals' decision in *Miles v. State,* 781 S.W.2d 608 (Tex. App.–Amarillo 1989).

In deciding whether Rule 41(b)(1) is procedural or jurisdictional, shouldn't emphasis be placed on whether or not *any* notice of appeal at all was given? See footnote 2 in this Court's opinion of *Miles v. State,* supra. In that regard, also see Rule 40(b)(1), Tex.R.App.Pro., which provides in part: "Such notice [of appeal] shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order...."

It should not be questioned that "Rule 83 is the appropriate procedural vehicle to employ when dealing with procedural 'miscues' and obvious claims of ineffective assistance of counsel of the *Evitts* variety." *Miles v. State,* 781 S.W.2d 608, 609 (Tex. App.–Amarillo 1989). Furthermore, "[t]his is not a case where no effort has been made to comply with the prescribed procedure, although a mistake was obviously made by appellant's attorney either in interpretation or application of that proce-

dure. The effect of the application of Rule 83 in this case is not to grant an out-of-time appeal, but is simply to permit the orderly and proper completion of an appeal duly invoked." *Miles v. State, Id.,* at 610 (Justice Boyd's concurring opinion).

What the majority opinion does in this cause actually supports what I stated in the dissenting opinion I filed in *Shute v. State,* supra, that when it comes to mixing criminal appellate law with civil appellate law, Rudyard Kipling probably said it best in "The Ballad of East and West": "Oh, East is East, and West is West, and never the twain shall meet." It also supports what was said about this Court over 75 years ago: The Texas Court of Criminal Appeals has "an almost superstitious regard for technicalities of a kind which belong to the rubbish of Noah's ark, rather than to the jurisprudence of an enlightened age and country. The Texas Court of Criminal Appeals enjoys the distinction, we believe, of being one of the foremost worshipers among American appellate courts of the technicality fetish, but we are glad to know that the courts of many states refuse to follow such decisions as precedents." 2 *Journal* of American Institute of Criminal Law & Criminology 179–180. Please note that the above words were neither written nor spoken in 1990, but were written in 1912. I believe that this Court should strive to improve its image, even after existing for almost 100 years.

Therefore, I respectfully dissent to the majority opinion's holding that the defect of omission in the original notice of appeal is jurisdictional and not procedural, and cannot be cured pursuant to Rule 83. In doing so, I acknowledge the words of wisdom, many of which I have adopted in this dissenting opinion, that Justice Cohen uttered for the First Court of Appeals in *Jiles v. State,* supra, which, by refusing the State's petition for discretionary review in that cause, this Court implicitly also approved what Justice Cohen stated.