IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-026-CR





MARK PHILLIP QUAM,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT



NO. 90-222-K26, HONORABLE WILLIAM S. LOTT, JUDGE PRESIDING



 




 Appellant entered a negotiated plea of guilty to the offense of aggravated possession
with intent to deliver cocaine. See Texas Controlled Substances Act, Tex. Health & Safety Code
Ann. § 481.112(d)(2) (Pamph. 1992). The court assessed punishment in conformity with the plea
bargain agreement at fifteen-years' confinement and a fine of five thousand dollars.

 In a single point of error, appellant contends that the court erred in overruling his
motion to suppress evidence. While appellant's motion was in writing and ruled on before trial,
appellant's notice of appeal does not so state. Texas R. App. P. Ann. 40(b)(1) (Pamph. 1992)
provides in pertinent part:



Notice of appeal shall be given in writing filed with the clerk of the trial court. 
Such notice shall be sufficient if it shows the desire of the defendant to appeal from
the judgment or other appealable order; but if the judgment was rendered upon his
plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal
Procedure, and the punishment assessed does not exceed the punishment
recommended by the prosecutor and agreed to by the defendant and his attorney,
in order to prosecute an appeal for a nonjurisdictional defect or error that occurred
prior to entry of the plea the notice shall state that the trial court granted
permission to appeal or shall specify that those matters were raised by written
motion and ruled on before trial.



 In order for appellant to prosecute his point of error complaining of the overruling
of his pretrial motion to suppress, it was necessary for appellant to comply with the notice of
appeal requirements set forth in Rule 40(b)(1). Otherwise, the point of error is not preserved for
review. Berger v. State, 780 S.W.2d 321, 323 (Tex. App. 1989, no pet.).

 In Jones v. State, 796 S.W.2d 183 (Tex. Crim. App. 1990), a similar case, the
court stated that Rule 40(b)(1) is a restrictive rule. If a defendant wishes to appeal a matter that
is nonjurisdictional and occurred prior to the entry of his plea, then he must conform to the
requirements of the statute "and include within his notice what the grounds of appeal are and that
he received permission of the trial court to appeal." Jones, 796 S.W.2d at 186. (1) We find that
appellant's point of error was not preserved for review.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

[Before Chief Justice Carroll, Justices B. A. Smith and Davis*]

Affirmed

Filed: February 19, 1992

[Do Not Publish]




* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (1988).
1.   Unlike Riley v. State, Nos. 000.1-91 and 00002-91 (Tex. Crim. App., January 29, 1992),
the record in the instant cause does not contain an order of the court reflecting that appellant was
assessed punishment in accordance with a plea bargain, that the trial court allowed appeal, and
that a motion to suppress was raised before trial.