TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00149-CR






Gary Arthur Pickens, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-01-0298-S, HONORABLE RAE LEIFESTE, JUDGE PRESIDING






O P I N I O N



Gary Arthur Pickens seeks to appeal from a judgment of conviction for assault. 
Sentence was imposed on January 20, 2003. There was no motion for new trial. The deadline for
perfecting appeal was therefore February 19, 2003. See Tex. R. App. P. 26.2(a)(1). Notice of appeal
was filed on February 20, 2003. 

On April 11, 2003, after being notified that his notice of appeal was untimely, Pickens
filed motions to amend the notice of appeal and to extend the time for filing the notice of appeal. 
See id. 25.2(f) (amending notice), 26.3 (extension of time). In an affidavit attached to the latter
motion, Pickens's attorney explained that the untimely filing of the notice of appeal was due to his
having miscalculated the filing deadline.

Soon after the uniform appellate rules were first adopted, the court of criminal appeals
held that "[i]n the absence of a timely, written notice of appeal," a court of appeals is "without
jurisdiction to entertain the appeal." Shute v. State, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988). The
court repeated this holding in Rodarte v. State, 860 S.W.2d 108 (Tex. Crim. App. 1993). (1) Citing
Shute and Rodarte with approval, the court later wrote:


[A] late notice of appeal may be considered timely so as to invoke a court of appeals'
jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2)
a motion for extension of time is filed in the court of appeals within fifteen days of
the last day allowed for filing the notice of appeal, and (3) the court of appeals grants
the motion for extension of time.



Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (construing Tex. R. App. P. 26.3). (2)

Pickens relies on the court of criminal appeals' recent holding in Bayless v. State, 91
S.W.3d 801 (Tex. Crim. App. 2002). In that case, the defendant timely filed a notice of appeal, but
the notice did not contain one of the recitals then necessary to appeal from a negotiated guilty plea
in a felony case. Id. at 803; see former Tex. R. App. P. 25.2(b)(3) (since amended). After the
deadline for perfecting appeal had expired, but before his brief was filed, Bayless filed an amended
notice of appeal that complied with rule 25.2(b)(3). Bayless, 91 S.W.3d at 803; see former Tex. R.
App. P. 25.2(d) (since amended and renumbered as rule 25.2(f)) (amended notice of appeal
correcting defect or omission in earlier notice may be filed at any time before appellant's brief is
filed). The court of criminal appeals had previously held that rule 25.2(d) could not be used to
amend a defect in a timely notice of appeal. State v. Riewe, 13 S.W.3d 408, 414 (Tex. Crim. App.
2000); see also Olivo, 918 S.W.2d at 524 (holding that former rule 83, predecessor of rule 25.2(d),
could not be used to amend defective notice of appeal); Jones v. State, 796 S.W.2d 183, 187 (Tex.
Crim. App. 1990) (same). In Bayless, however, the court disavowed Riewe's discussion of rule
25.2(d) as dicta. 91 S.W.3d at 806 n.8. The court held that "the Rules are clear; if a defendant files
a timely general notice of appeal, amendments to the notice can be made any time prior to the filing
of the defendant's brief." Id. at 806.

Pickens draws our attention to Bayless's discussion of former code of criminal
procedure article 44.08(e), which authorized a court of appeals to permit a late notice of appeal for
good cause shown. See id. at 805; Act of June 1, 1981, 67th Leg., R.S., ch. 291, § 127, 1981 Tex.
Gen. Laws 761, 815 (Tex. Code Crim. Proc. Ann. art. 44.08(e), since repealed). Article 44.08 was
repealed by the court of criminal appeals upon adoption of the rules of appellate procedure. There
is no longer a comparable appellate rule. Rule 2, authorizing an appellate court to suspend the
operation of an appellate rule for good cause, has been held not to authorize the suspension of the
time limit for perfecting appeal. Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App.1998); Olivo,
918 S.W.2d at 523; see Oldham v. State, 977 S.W.2d 354, 359 (Tex. Crim. App. 1998) (suspension
or enlargement of appellate time limits oversteps contemplated uses of rule 2).

Bayless is distinguishable from the cause before us. Bayless's notice of appeal was
timely but defective in that it failed to contain a necessary recital. Pickens's notice of appeal, on the
other hand, was untimely. Late filing is not a defect or omission in the notice of appeal that can be
cured by amending the notice pursuant to rule 25.2(f). And because Pickens's motion for extension
of time to file his notice of appeal was not filed within the time prescribed by rule 26.3, it is
ineffective. Olivo, 918 S.W.2d at 522. We therefore overrule both the motion to amend and the
motion for extension of time. Under the circumstances, we lack jurisdiction to dispose of the
purported appeal in any manner other than by dismissing it. See Slaton, 981 S.W.2d at 210; Olivo,
918 S.W.2d at 523.

The appeal is dismissed.



 

 Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Dismissed

Filed: May 1, 2003

Publish
1. "Because appellant's notice of appeal came thirty-one days after the day sentence
was imposed in open court, it was untimely . . . . The court of appeals therefore correctly concluded
that it lacked jurisdiction over the appeal." Rodarte v. State, 860 S.W.2d 108, 110 (Tex. Crim. App.
1993).
2. Interpreting the same rule, the supreme court has held that if the appellant files a
written notice of appeal within fifteen days after the deadline for perfecting appeal, "a motion for
extension of time is necessarily implied" even if it is not filed. Verburgt v. Dorner, 959 S.W.2d 615,
617 (Tex. 1997). Verburgt, of course, applies only in civil cases.