**Calvin Darnell MARTIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–88–01123–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 16, 1990.

Rehearing Overruled Aug. 16, 1990.

Discretionary Review Refused
Nov. 21, 1990.

Alan Percely, Houston, for appellant.

John B. Holmes, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION ON MOTION FOR REHEARING

J. CURTISS BROWN, Chief Justice.

Appellant entered a plea of guilty before the court to the offense of possession of a controlled substance, cocaine, in an amount less than twenty-eight grams. TEX.REV. CIV.STAT.ANN. art. 4476–15, § 4.04(b)[1]. The court assessed punishment at ten years' probation and a fine of $750.00.

On August 2, 1990, this court dismissed the appeal. Appellant's notice of appeal was held to be defective under TEX.R. APP.P. 40(b)(1) because it does not state that the trial court granted permission to appeal, nor does it specify the matters appealed were raised by written motion and ruled on before trial.

---

1. Now TEX.HEALTH & SAFETY CODE ANN. § 481.115(b).

Appellant now claims that the Court has not allowed him a reasonable time to correct the defect in his notice of appeal pursuant to TEX.R.APP.P. 83. Appellant filed his notice of appeal on December 21, 1988. He filed his appellate brief on June 1, 1989. The State's brief was filed and the appeal has been at issue since August 7, 1989.

Appellant correctly cites to *Miles v. State*, 780 S.W.2d 215 (Tex.Crim.App.1989), for the holding that a defective written notice of appeal may be amended or corrected pursuant to TEX.R.APP.P. 83. The rule, however, requires that such amendment or correction be made within a "reasonable time."

This is not the first time we have dealt with this issue. In *Jackson v. State*, 775 S.W.2d 422 (Tex.App.–Houston [14th Dist.] 1989, no pet.), we held that a notice of appeal similar to the one in this cause was deficient and did not confer jurisdiction on this Court. Since the issuance of *Jackson*, on July 20, 1989, appellant has known that his notice of appeal is deficient. He made no attempt to correct the notice of appeal until after this Court issued its opinion dismissing the appeal.

This is a matter addressed to the sound discretion of the Court. Appellant did not act within a reasonable time to correct his notice of appeal and preserve his right to have his appeal considered on the merits.

We deny appellant's motion for rehearing.