**Ex parte William Roscoe GOODALL, Jr.**

**No. 68854.**

Court of Criminal Appeals of Texas, En Banc.

May 26, 1982.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

This is a writ of habeas corpus requesting this Court to grant an out-of-time appeal. Appellant was convicted of murder, and punishment assessed at five years' confinement.

At trial and on appeal, applicant was represented by the same appointed attorney. Applicant alleges that his appointed counsel rendered ineffective assistance in the prosecution of applicant's appeal. At the hearing in the trial court on his application for a writ of habeas corpus, findings of fact were entered reflecting:

"(1) Notice of appeal was timely given.

"(2) Notice that the record was complete was given applicant's appointed counsel on appeal.

"(3) Notice that the record had been approved was given that same counsel.

"(4) Applicant's counsel did not timely request the preparation of the transcript of the record.

"(5) The statement of facts was not timely filed.

"(6) Applicant's counsel has never filed a brief and all time limits for such filing or requests for extension to file have expired.

"(7) Applicant's counsel has never filed for an extension of time to file the transcription of the record or an appellant's brief.

"(8) That the conduct of applicant's counsel was ineffective, denying applicant any meaningful appeal."

Based on these findings, the trial court has recommended applicant's writ be granted permitting an out-of-time appeal only. We agree.

Appointed counsel's lack of effective representation on appeal of applicant is appalling and can only be remedied by placing applicant in the same position after he gave notice of appeal as he would have been had an attorney never been appointed to represent applicant in his direct appeal of his conviction. *Ex parte Raley*, 528 S.W.2d 257 (Tex.Cr.App.1975); *Ex parte Hill*, 528 S.W.2d 259, 260–61 (Tex.Cr.App.1975).

It is so ordered.