**William John PACHECO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 776–84.**

Court of Criminal Appeals of Texas, En Banc.

March 20, 1985.

Andrew J. Forsythe, Austin, for appellant.

John R. MacLean, Dist. Atty., Cleburne, Robert Huttash, State's Atty., Austin, for the State.

Appellant's petition for discretionary review refused.

TEAGUE, Judge, dissenting.

I respectfully dissent to the majority's refusal to grant the petition for discretionary review that was filed on behalf of William John Pacheco, appellant. We should review the decision of the Waco Court of Appeals, which held in an unpublished opinion, see *Pacheco v. State*, No. 10–83–169–CR, June 7, 1984, that because the attorney-client relationship, between an attorney by the name of John T. Chidgey and Pacheco, never developed with respect to Pacheco's appeal, Chidgey's failure to perfect or prosecute the appeal on behalf of Pacheco could not be the basis for a complaint by Pacheco against Chidgey that he, Chidgey, was ineffective counsel on appeal.

The issue of whether the State has deprived Pacheco of a meaningful appeal is also before us. It is now axiomatic that "when a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution—and, in particular, in accord with the Due Process Clause." *Evitts v. Lucey,* —— U.S. ——, 105 S.Ct. 830, 83 L.Ed.2d 821, 36 Cr.L. 3109 (1985).

The record clearly reflects that Pacheco has been deprived of having the conviction that he sustained in Johnson County reviewed by an appellate court of this State. The record clearly bears out that at all times after Pacheco was convicted, and after he gave notice of appeal, he wanted to appeal his conviction and have it reviewed by an appellate court of this State. Because of what occurred in this cause, I am unable to agree that Pacheco has forfeited his right to have his conviction properly reviewed by an appellate court of this State, by the non-actions of Chidgey.

To see how this case got in the mess it presently finds itself, regarding Pacheco's lack of counsel on appeal, let us go back to the time when the jury returned its punishment verdict.

At that time, Pacheco was represented by two retained attorneys, Curtis Pritchard and John T. Chidgey, who were both present when the jury returned its punishment verdict. At that time, Pacheco still owed Chidgey part of his fee for representing him at trial. Pritchard had been paid in full. After the jury returned its punishment verdict, the trial judge sentenced Pacheco, see Articles 40.05 and 42.03, V.A.C.C.P., after which attorney Pritchard uttered the following words, "Judge, at this point in open court, let us give notice of appeal ..." Because Pritchard uttered the "magic words," regarding giving of notice of appeal, the clerk of the Court designated him as the attorney of record on appeal for Pacheco. The record on appeal makes it obviously apparent that if Chidgey had uttered the "magic words," rather than Pritchard, the clerk would have designated Chidgey as the attorney of record on appeal for Pacheco.

The record also reflects that at the time Pritchard gave notice of appeal, the trial judge did not affirmatively ascertain whether Pritchard or Chidgey or both of them were going to represent Pacheco on his appeal, nor did he admonish Pacheco that if he were indigent, and made a request, that he would be furnished court appointed counsel, as well as a "free" record, for the appeal.

Pritchard remained as the designated attorney of record on appeal for Pacheco until he, Pritchard, received a "courtesy" telephone call from a court clerk, which telephone call was made almost two months after notice of appeal had been given. At that time, other than what the clerk's office had done on the appeal, regarding the preparation of the transcription portion of the appeal, see Art. 40.09,

V.A.C.C.P., nothing else had been done on the appeal. The clerk informed Pritchard that the statement of facts of the case was due to be filed with the clerk's office within ten (10) days. Pritchard then informed the clerk that he did not represent Pacheco on the appeal. In a letter of confirmation that Pritchard sent the clerk two (2) days later, that he did not represent Pacheco on the appeal, Pritchard also informed her that "Mr. Chidgey is handling the appeal of this case for Bill (Pacheco)." The clerk thereafter contacted Chidgey, and Chidgey told her that if he got his demanded fee he would represent Pacheco on appeal, but that at that time he had not received his demanded fee. Chidgey did not, however, tell her that he did not represent Pacheco on his appeal. Notwithstanding Chidgey's ambivalent statement, the clerk, rather than contacting the trial judge about the matter, instead contacted the Clerk of the Waco Court of Appeals, who she testified told her "to go ahead and just mail the transcript down (to the court of appeals)," which is what she ultimately did.

After the clerk conversed by telephone with Chidgey, she then removed Pritchard's name from the record on appeal, as attorney of record on appeal for Pacheco, and substituted Chidgey's name as the attorney of record on appeal for Pacheco. All notices regarding the appeal were thereafter sent to Chidgey, who did nothing regarding the appeal, nor did he take any action to have himself removed as the designated attorney of record on the appeal, nor did he acknowledge or respond to any of the official letters that were mailed to him as the attorney for Pacheco, nor did he contact the trial judge and tell him that he was not then representing Pacheco on appeal because he had not received his demanded fee to represent Pacheco on the appeal.

The Waco Court of Appeals considered Chidgey as Pacheco's attorney on appeal.

After reading the record that is before us, it is obvious to me that Chidgey, as many attorneys are unfortunately prone to do, figuratively, if not literally, "hung" onto the case, hoping that somehow Pacheco would eventually come up with his demanded fee of $1,500.

I find it rather interesting that the record reflects that after notice of appeal was given, Chidgey represented Pacheco on an unrelated criminal matter, without payment of any fee, and permitted Pacheco to "work off" the unpaid balance of his trial fee by cutting his, Chidgey's, hair. The record also reflects that Pacheco somehow managed to get a partial transcription of the statement of facts from the court reporter, took it to Chidgey, who read it even though he had not received his demanded fee.

At the hearing that was ordered by the court of appeals, and held by the trial court, the clerk responded that she designated Chidgey as the attorney of record on appeal for Pacheco "because (Chidgey) was the last lawyer left in the case," and "[n]ot because he (Chidgey) told (her) he was the appellate attorney."

Ultimately, the Waco Court of Appeals summarily affirmed Pacheco's conviction because no brief had been filed. Motion for rehearing was subsequently granted and a hearing was ordered held in the trial court. Thereafter, the Waco Court of Appeals found that "Because the attorney-client relationship did not exist between Chidgey and Pacheco, Chidgey's failure to perfect or prosecute the appeal cannot be the basis for a complaint of ineffective assistance of counsel on appeal," and affirmed Pacheco's conviction.

In light of the above, I am unwilling to hold that Pacheco has forfeited his right to have his conviction reviewed by an appellate court of this State.

I believe that even the most conservative reading of the record on appeal demonstrates and exhibits that, for appeal purposes, Chidgey and Pacheco did establish an attorney-client relationship. See Vol. 7, *Tex.Jur.3rd*, Sec. 49, at page 391. I repeat what the Fifth Circuit stated in *Atilus v. United States*, 406 F.2d 694 (5th Cir.1969): "It is, of course, perfectly plain that an accused has the right to engage private

counsel on such terms as are agreed between them ... Counsel, of course, is entitled to charge for his services, but if, for whatever reason, he permits his services to be used *without compensation or security* for compensation from his client until a critical stage of the proceedings arrives, he can't be permitted simply to bow out without notice either to court or client and frustrate forever the right of the client to protect his vital interests." *Atilus*, supra, at 696. Also see Art. 12, Section 8, E.C. 2–31, *Code of Professional Responsibility*, V.A.C.S.

Furthermore, as to abandonment by counsel, the facts in this cause are just as egregious as those found in *Ex parte Goodall*, 632 S.W.2d 750 (Tex.Cr.App.1982), in which this Court found that "appointed counsel's lack of effective representation on appeal of applicant [was] appalling."

The court of appeals reached the following conclusion, "that the attorney-client relationship never developed between Chidgey and Appellant, with respect to the appeal, as Appellant failed to meet the condition precedent set by Chidgey: the fee must be paid in advance." In so concluding, I believe that the court of appeals placed too much emphasis on that old adage that most criminal defense lawyers espouse and subscribe to, i.e., "no tickee-no washee." Although there is much merit to the proposition that every criminal defense attorney should adhere to the adage that "you either get your fee up front or you won't get it at all," see "Innovative Ways to Finance a Criminal Defense," Vol. 71, *American Bar Journal,* March, 1985, I am unable to believe that such adage can supersede or interfere with the constitutional right of a defendant to appeal his conviction.

In fact, over sixty (60) years ago, this Court held: "We do not understand that the payment of money or the promise of payment of money is indispensable to (the establishment of the attorney-client) relationship. See 24 Ruling Case Law, p. 954, Sec. 290; 2 Wharton's Crim.Ev. p. 1030, Sec. 497; Branch's Ann.Tex.P.C., Sec. 154."

*Anderson v. State,* 98 Tex.Cr.R. 449, 266 S.W. 159, 162 (1924). Almost one hundred (100) years ago, this Court also held: "The question of whether or not the trial judge (who was the subject of a motion to disqualify) was paid a fee as appellant's attorney is immaterial (to whether an attorney-client relationship was established)." *Graham v. State,* 43 Tex.Cr.R. 110, 63 S.W. 558, 560 (1901).

Thus, in light of the facts that are before us, I am unable to agree with the court of appeals' conclusion, that simply because "Appellant failed to meet the condition precedent set by Chidgey: the fee must be paid in advance," that for appeal purposes an attorney-client relationship between Chidgey and Pacheco never existed. I believe that because of the ambivalent position that Chidgey maintained from the time he received the telephone call from the clerk, he caused an attorney-client relationship to exist between himself and Pacheco. Even though at that time Chidgey had not been paid anything to represent Pacheco on his appeal, but because he was the designated attorney of record on appeal for Pacheco, and all State officials considered him to be Pacheco's attorney on appeal, I do not believe that the law gave Chidgey the right to do nothing, which inaction has deprived Pacheco of a meaningful review of his conviction. I believe that Chidgey had a choice, namely, he could represent Pacheco on the appeal, on the expectation that Pacheco would eventually pay him his demanded fee, or he could have sought to remove himself as the designated attorney of record. I do not believe, however, that the law gave him the choice of doing nothing, which is what he did, which has resulted in Pacheco being deprived of having his conviction reviewed by an appellate court.

It is now well settled that if a State chooses to provide a first appeal to a criminal defendant, the Fourteenth Amendment guarantees that person, as of right, certain minimum safeguards necessary to make that appeal "adequate and effective." *Mc Kane v. Durston,* 153 U.S. 684, 687–688, 14 S.Ct. 913, 914–915, 38 L.Ed. 867 (1894);

*Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); *Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). One of those minimum safeguards is the right to have the effective assistance of counsel on appeal, *Evitts v. Lucey,* supra, which right to counsel is limited to the first appeal, *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); *Ayala v. State,* 633 S.W.2d 526 (Tex.Cr.App.1982).

The right to have counsel on appeal does not even depend upon a request by the defendant for counsel. *Crawford v. Beto,* 383 F.2d 604 (5th Cir.1967). Thus, "When a defendant, whose indigency and desire to appeal are manifest, does not have the services of his trial counsel on appeal, it simply cannot be inferred from defendant's failure specifically to request appointment of appellate counsel that he has knowingly and intelligently waived his right to the appointment of appellate counsel." *Swenson v. Bosler,* 386 U.S. 258, 260, 87 S.Ct. 996, 998, 18 L.Ed.2d 33 (1967).

In this instance, if the State, through its officials, knew or should have known that Pacheco was indigent, and without the assistance of counsel, it then had the duty to ascertain whether Pacheco was indigent and had counsel for his appeal, and, if not, to advise him of his rights thereto and to appoint counsel for him if he so desired. *Harris v. Estelle,* 487 F.2d 56, 58 (5th Cir.1973).

In this instance, but in light of the record, I would hold that, for purposes of this criminal appeal, the District Clerk of Johnson County is a state official, see and compare *Harris County Commissioners Court et al. vs. Moore,* 420 U.S. 77, 95 S.Ct. 870, 43 L.Ed.2d 32 (1975); 12 *Tex.Jur. 3rd,* "Clerks of Court," Section 20, and would impute to the district clerk the knowledge that the trial clerk, who was also the clerk on appeal, gained when Chidgey informed her that Pacheco had not paid him any part of his demanded fee. I would hold that the district clerk then became aware that there was the possibility or probability that Pacheco was indigent for appeal purposes. The district clerk then had the legal responsibility to notify the trial judge of this possibility or probability, in order for the trial judge to make the determination whether Pacheco was then indigent and entitled to court appointed counsel.

Of course, had the deputy district clerk not made the "courtesy" telephone calls, other than what the law required regarding preparing the record on appeal, the district clerk would have had no duty to do anything regarding the possibility or probability that Pacheco was indigent.

Therefore, I would hold that Pacheco is entitled to an out-of-time appeal because of the inactions of the district clerk.

But, there is even yet another reason why Pacheco is entitled to an out-of-time appeal. In *Evitts v. Lucey,* supra, the Supreme Court held that the Due Process Clause of the Fourteenth Amendment guaranteed an appellant the effective assistance of counsel on appeal, and in *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), the Court had held that the effectiveness of both retained and appointed counsel is to be judged by the same standard. Also see *Ex parte Duffy,* 607 S.W.2d 507 (Tex.Cr.App.1980).

In *Evitts v. Lucey,* supra, the Supreme Court was explicit as to what duties counsel on appeal had: "But nominal representation on an appeal as of right—like nominal representation at trial—does not suffice to render the proceedings constitutionally adequate; a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all." In this instance, Pacheco had designated counsel on appeal, Chidgey, but such counsel was in name only. The right to counsel on appeal is a futile gesture unless it also comprehends the right to the effective assistance of counsel.

As previously pointed out, "when a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution—and, in particular, in accord with the Due Process Clause."

*Evitts v. Lucey,* supra. Whether there will be a criminal appeal is a decision that rests solely with the defendant, and not the State. However, if the defendant opts to have his conviction reviewed by an intermediate court of appeals, but he fails to obtain such review, it is the State who has unconstitutionally deprived him of his appeal. It is the State who must see that the defendant who wishes to appeal his conviction receives a meaningful review of that conviction. To hold otherwise would result in the holding that indigents are entitled to more protection than defendants who have retained their own counsel. "The vital guarantee of the [Fourteenth] Amendment would stand for little if the often uninformed decision to retain a particular lawyer could reduce or forfeit the defendant's entitlement to constitutional protection." *Cuyler v. Sullivan,* 446 U.S. 335, 345, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).

However one might or might not classify Chidgey in his relationship to Pacheco on the appeal, there should be no question that Pacheco was denied the effective assistance of counsel on his appeal.

The petition for discretionary review that was filed on behalf of Pacheco should be granted, and not refused, and this Court should then grant Pacheco an out-of-time appeal. *Evitts v. Lucey,* supra; *Cuyler v. Sullivan,* supra. To the majority's refusal to take this action, I must respectfully dissent.