**Harvey NELSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–85–00373–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 30, 1987.

Carmen R. Worley, Del Rio, for appellant.

Victor R. Garcia, Co. Atty., Del Rio, for appellee.

Before CADENA, C.J. and ESQUIVEL and CHAPA, JJ.

OPINION

PER CURIAM.

This is an appeal from a denial of a writ of habeas corpus.

Petitioner was convicted of the offense of driving while intoxicated and punishment was assessed by the court. Subsequently, petitioner filed a post-conviction writ of habeas corpus alleging that he was denied the opportunity to appeal his conviction. *See* TEX.CODE CRIM.PROC.ANN. art. 11.09 (Vernon's 1977). The trial court denied the relief without conducting a hearing on the writ. This Court then entered an order to the trial court to conduct an evidentiary hearing on the writ and to make findings of fact and conclusions of law. The record of that hearing and the trial court's findings are now before us.

The record reveals that petitioner timely gave oral notice of appeal in open court when his sentence was suspended on June 7, 1985 and requested the appointment of counsel. *See* TEX.CODE CRIM.PROC. ANN. art. 44.08(a) and (b) then in effect. Attorney Carmen Rivera-Worley was appointed to represent petitioner on August 16, 1985, which was ten days past the date that the statement of facts were due to be filed. *See* TEX.CODE CRIM.PROC.ANN. art. 40.09, § 3, then in effect. Sometime in

---

July 1985, petitioner was arrested by federal authorities for parole violation based upon his DWI conviction.

A letter from Attorney Rivera-Worley to petitioner at the Federal Correctional Institute at Seagoville, Texas, dated September 3, 1985, is included in the record. The letter states that Attorney Rivera-Worley made several attempts to reach petitioner by phone concerning the appeal but was unsuccessful. After reviewing a "file," it was her opinion that no reversible error was made at petitioner's trial and that an appeal would not be fruitful. She requested that petitioner contact her to discuss the matter. At this point in time the record reveals that no designation of record was filed nor had a request been made for a statement of facts. In fact, the record reveals that no statement of facts was ever prepared and no request for an extension of time to file the same was filed in this Court.

Petitioner testified that, while still in federal custody, he contacted Attorney Rivera-Worley and informed her that he desired to go forward with the appeal but could not seem to convince her that it was worth pursuing. Finally, she informed him that she was about to be appointed an assistant county attorney. Attorney Rivera-Worley was appointed an assistant county attorney on December 1, 1985.

On January 17, 1986, the trial court appointed Joe Petsch to represent petitioner on appeal. Attorney Petsch filed no designation of record nor a request for statement of facts. Attorney Petsch did not file for an extension of time to have the statement of facts prepared and filed. There is no evidence that Attorney Petsch ever contacted petitioner following the January 17th appointment.

The clerk of the court failed to prepare a transcript in the instant cause as was required by art. 40.09, *supra.*

It is well settled that the Texas and United States Constitutions require that an indigent defendant is entitled to the effective assistance of counsel on appeal. *Hogan v. State,* 572 S.W.2d 526, 528 (Tex. Crim.App.1978) and cases cited therein.

The lack of effective representation on petitioner's appeal by attorneys Rivera-Worley and Petsch is as appalling as that exhibited by appointed counsel in *Ex Parte Goodall, Jr.,* 632 S.W.2d 750 (Tex.Crim.App.1982). Petitioner was completely denied an appeal by the inaction of his court appointed attorneys. Petitioner is entitled to relief.

As in *Ex Parte Goodall, Jr.,* 632 S.W.2d at 751, the writ of habeas corpus is granted permitting an out-of-time appeal only. If petitioner is currently indigent, the trial court shall immediately appoint counsel to represent him. The complete record of petitioner's trial shall be filed in this Court by 4:00 p.m., March 17, 1987.

It is so ordered.