885 S.W.2d 444 (1994)
Steven Gregory SANCHEZ, aka "Steve El Loco", Appellant,
v.
The STATE of Texas, Appellee.
No. 13-93-350-CR.
Court of Appeals of Texas, Corpus Christi.
January 13, 1994.
Jerrold R. Davidson, Brownsville, for appellant.
Luis V. Saenz, Dist. & County Atty., Brownsville, for appellee.

OPINION ON MOTION FOR REHEARING
YANEZ, Justice.
The appellant filed his notice of appeal within the fifteen-day grace period during which he may request an extension of time to file, but he failed to timely file his motion for extension. Tex.R.App.P. 41(b)(2). The issue presented on motion for rehearing is whether this court has jurisdiction over the appeal.
An appellant invokes this Court's jurisdiction by timely filing a written notice of appeal. Shute v. State, 744 S.W.2d 96, 97 (Tex. Crim.App.1988). If a motion for new trial has been filed, as here,[1] the appellant's notice *445 of appeal is due within ninety days after the date sentence is imposed or suspended in open court. Tex.R.App.P. 41(b)(1). Appellant filed his notice of appeal on June 28, 1993, five days after his June 21, 1993, deadline. The notice fell well within the fifteen-day grace period allowed by appellate rule 41(b)(2). Rule 41(b)(2) provides:
An extension of time for filing notice of appeal may be granted by the court of appeals if such notice is filed within fifteen days after the last day allowed and within the same period a motion is filed in the court of appeals reasonably explaining the need for such extension.
Appellant filed a motion for extension of time reasonably explaining his need for extension on July 21, 1993, more than fifteen days after the notice of appeal was due.[2] We believe that the filing of the notice of appeal within the fifteen-day grace period necessarily implies a proper request for extension of time under rule 41(b)(2). The court of appeals "may" grant the appellant's motion for extension upon the appellant's "reasonable explanation" of the need for such extension. Tex.R.App.P. 41(b)(2). When the rules of appellate procedure were adopted, the prevailing desire was to harmonize as much as possible the civil and criminal filing procedures. Shute, 744 S.W.2d at 98 n. 1. Under Garcia v. Kastner Farms, Inc., 774 S.W.2d 668, 669-70 (Tex.1989), the requirement of a "reasonable explanation" is read broadly, and any conduct short of deliberate or intentional noncompliance qualifies as excusable inadvertence, mistake, or mischance. Garcia, 774 S.W.2d at 670.
The United States Supreme Court has expressed concern over the application of appellate rules which operate to deny the defendant his right to appeal. Evitts v. Lucey, 469 U.S. 387, 396, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985). The principles underlying the decision in Evitts were due process considerations regarding the right to appeal and to effective assistance of counsel. Evitts, 469 U.S. at 392, 105 S.Ct. at 833. The Supreme Court held that an appellant has a right to effective assistance of counsel on his first appeal as of right. It overturned the dismissal of an appeal in order to protect this right and to avoid post-conviction remedies. See Evitts, 469 U.S. at 399-402, 105 S.Ct. at 837-839. Appellate rule 83 was designed with these considerations in mind, as well as the concerns of judicial economy. See Gomez v. State, 763 S.W.2d 583, 584-85 (Tex.App. Corpus Christi 1988, no pet.) (Seerden, C.J., dissenting).
Appellate rule 83 provides:
A judgment shall not be affirmed or reversed or an appeal dismissed for defects or irregularities, in appellate procedure, either in form or in substance, without allowing a reasonable time to correct or amend such defects or irregularities provided the court may make no enlargement of the time for filing the transcript and statement of facts except pursuant to paragraph (c) of Rule 54 and except that in criminal cases late filing of the transcript or statement of facts may be permitted on a showing that otherwise the appellant may be deprived of effective assistance of counsel.
We hold that under appellate rule 41(b)(2) and appellate rule 83, appellant's notice of appeal was timely filed and properly invoked the jurisdiction of this court. Boulos v. State, 775 S.W.2d 8, 9 (Tex.App.Houston [1st Dist.] 1989, pet. ref'd). In Boulos, the First Court of Appeals addressed a procedural scenario almost identical to the case before us. The appellant did not file his notice of appeal within the time limits prescribed by appellate rule 41(b)(1). However, the notice was filed on the fifteenth day after the deadline. The appellant also filed a motion *446 for extension of time under rule 41(b)(2). That motion was filed twenty days after the period prescribed by rule 41(b)(2). Nevertheless, the Boulos court determined that it had jurisdiction pursuant to appellate rules 83 and 2(b). Boulos, 775 S.W.2d at 9. Like the Boulos court, we believe that the filing of the notice of appeal within the fifteen-day grace period vested this court with jurisdiction. The lack of a timely filed motion for extension was an irregularity which was cured by appellant within a reasonable amount of time. Tex.R.App.P. 83.
After Boulos, the Court of Criminal Appeals addressed a similar issue. See Jones v. State, 796 S.W.2d 183, 187 (Tex.Crim.App. 1990). It held that the court of appeals erroneously allowed a criminal defendant to amend his substantively inadequate notice of appeal under appellate rule 83. The Jones opinion drew a strong dissent, and the reasoning expressed therein is even more compelling in the case at bar. Pursuant to the "pay me now or pay me later" principle which provided the impetus for Evitts, the dissenters in Jones determined that counsel's failure to timely file an adequate notice of appeal would mandate an out-of-time appeal in order to preserve effective assistance of counsel. Similarly, our case "is not a case where no effort has been made to comply with the proscribed procedure, although a mistake was obviously made by appellant's attorney." Jones, 796 S.W.2d at 189.
Moreover, Jones is distinguishable from the present case, and its strict holding does not apply to these facts. In Jones, the appellant filed his notice of appeal, which was later found to be substantively inadequate. He filed his amended notice fifty-one days after he was sentenced. Since no motion for new trial was ever filed, both the thirty day deadline and the fifteen-day grace period under rule 41(b)(2) had expired, and the appellant was left having filed no document which was sufficient to confer jurisdiction upon the court.
The rules of appellate procedure, as embodied by rule 83 and rule 2(b), favor a policy of having the Texas courts of appeals address cases on their merits, rather than allowing the courts to close their doors to appellants who, through no fault of their own, fail to find their way successfully through the labyrinth of procedure. See Gomez, 763 S.W.2d at 585. Accordingly, we grant appellant's motion for rehearing and reinstate his appeal.[3]
NOTES
[1] The procedural problems in this case all began at appellant's motion for new trial hearing. After appellant timely filed said motion, defense counsel and the State appeared at the timely convened hearing on the motion for new trial. The only significant thing lacking at the new trial hearing was appellant himself. State agents had already transferred appellant to the Texas Department of Corrections Institutional Division, despite the fact that his motion for new trial hearing was still pending. Defense counsel properly objected to appellant's absence and requested a bench warrant so appellant could attend the hearing. The trial court then granted a continuance so that appellant could be present at his motion for new trial hearing.

The hearing eventually reconvened and was conducted, with appellant present, beyond the seventy-five day period during which the trial court had jurisdiction to rule on the motion for new trial. Tex.R.App.P. 31(e)(3); State ex rel. Cobb. v. Godfrey, 739 S.W.2d 47, 48-50 (Tex. Crim.App.1987). The out-of-time motion for new trial was conducted twenty days beyond the seventy-five day limit. Appellant filed his notice of appeal three days thereafter. The motion for extension of time was filed twenty-two days after that.
In addition, it is unclear from the record whether appellant actually had appellate counsel on the date the motion for new trial hearing was conducted. The record shows that, at the truncated hearing, the trial judge was amenable to counsel's request to represent Mr. Sanchez on appeal only if Sanchez agreed to certain conditions. Appellant's agreement was only secured when he was finally present in court at the full motion for new trial hearing.
Other cases have noted the problems endemic when mistakes based upon the State's or the court's negligence cause or contribute to post-conviction procedural complications. See Peeples v. State, 799 S.W.2d 489, 491-92 (Tex.App. Beaumont 1990, no pet.); Pacheco v. State, 692 S.W.2d 59, 63-64 (Tex.Crim.App.1985) (Teague, J., dissenting).
[2] Due on July 6, 1993, appellant's motion for extension of time was fifteen days late.
[3] To so hold requires us to overrule or distinguish our previous decision in Gomez v. State, 763 S.W.2d 583 (Tex.App.Corpus Christi 1988, no pet.). Finding no creditable means of distinguishing this case, we hereby overrule Gomez.