ACCEPTED
01-15-00155-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/29/2015 7:21:10 AM
CHRISTOPHER PRINE
CLERK

## COURT OF APPEAL FOR THE
## FIRST DISTRICT AT HOUSTON

| | | |
|---|---|---|
| **CHARLES WADE,** | § | FILED IN<br>1st COURT OF APPEALS<br>HOUSTON, TEXAS |
| **Appellant,** | § | |
| | § | 5/29/2015 7:21:10 AM |
| **v.** | § | **APPELLATE CASE NUMBER**CHRISTOPHER A. PRINE |
| | § | **01-15-00155-CV** Clerk |
| **HARRIS COUNTY** | § | |
| **Appellee.** | § | |

### AMENDED RESPONSE TO COURT NOTICE

### OF 05/14/15 AND/OR RESPONSE TO APPELLEE MOTION TO DISMISS

To The Honorable Judge:

COMES NOW CHARLES WADE, Appellant in this cause and requests that he be allowed to proceed on appeal in forma pauper and in response to the Court's Notice of May 14, 2015 and response to Appellee Motion to dismiss for cause would show the Court as follows:

### APPELLANT'S RESPONSE TO MOTION TO DISMISS

A court of appeals has jurisdiction over any appeal where the appellant files an instrument that `was filed in a bona fide attempt to invoke appellate court jurisdiction and Appellant in this cause of action surely has demonstrated that. Appellant filed several Motions that should and can be considered as bona fide attempt to invoke appellate court jurisdiction. Further the rules of appellate procedure, as embodied by rule 83 and rule 2(b), favor a policy of having the Texas courts of appeals address cases on their merits, rather than allowing the courts to close their doors to appellants who, through no fault of their own, fail to find their way successfully through the labyrinth of procedure. *Sanchez v. State,* 885 **S.W.2d** 444, 446 (Tex .App — Corpus Christi 1994, no pet.) (Yanez, J.).

Appellant thought filing the Notice of Appeal should not be filed until the Judge had made a ruling on Appellant Motion for New Trial. Appellant belief was not deliberate or intentional and appellant now rely upon interpreting former Rule 41 (a)(2) and holding that reasonable explanation is defined as plausible explanation showing that failure to timely file was not deliberate or intentional. *Garcia v. Kastner Farms, Inc.,* 774 **SW 2d** 668 - Tex: Supreme Court 1989.

Appellant Further states there is no harm, no prejudice, and no delay in permitting appellate review in this cause of action. *CALCE II v. DORADO EXPLORATION, INC.,* Tex: Court of Appeals, 5th Dist. 2010.

## 1. INTRODUCTION

1. On July 11, 2014, Appellant filed a Request for a Jury Trial (Exhibit 1) and the Request was denied at Trial on July 16, 2014. On July 11, 2014, Appellant also filed a Motion for Continuance and Objection and filed Proposed Order Granting Motion for Continuance (Exhibit 2 and 2(a)) and the Tax Master also, denied this motion in open Court at the Trial on July 16, 2014.

2. Appellant filed a Verified Petition for Temporary Injunction, complete with Exhibits (Exhibit 3) on July 10, 2014, and was told by court personnel (Harris County District Court Clerks in District Court 295th) that there was no Judge available to hear the Temporary Injunction. Furthermore, there was no mention of this Temporary Injunction at the Trial of July 16, 2014, and no action at all was taken on the Verified Petition for Temporary Injunction (see Exhibit 3)[1] . At

---

[1] All Exhibits that are attached to this Response were downloaded from Chris Daniel, Harris County District Clerk online search http://www.hcdistrictclerk.com/eDocs/Public/Search.aspx and the dates various pleading were filed and the Exhibits, where there is corruption, this is just the way the document are found on the online records. Appellant has nothing to do with this corruption. The corrupted parts including the date filed are unreadable and some of the exhibits that were file with various pleading are not readable either but attached for the record. Exhibits are attached just as they are in the Harris County Clerk Office online.

this point Appellant would like to state that the Harris County Tax Court is a labyrinth of procedure by any standard of measurement for a Pro Se pleader, even an experience Attorney if they don't practice in this area of the law on a regular basic. *Sanchez v. State, Supra,* also see *Garcia v. Kastner Farms, Inc.,* 774 SW 2d 668 - Tex: Supreme Court 1989.

3. After filing my notice of appeal on July 27, 2014 (Exhibit 4), four days before Judgement was actually signed by the Honorable Caroline Baker, Judge of Harris County District Court 295th, the Court that referred Appellant's Tax Law Suit to Tax Master Court, in which the Honorable Kelli Hamilton, Tax Master Judge rendered Judgement on July 16, 2014. Notice of Appeal was filed with 295th District Court exactly ten days after the Tax Master rendered Judgement, however Judge Baker did not sign the Judgement until four days later, after Notice of Appeal had been filed.

4. On July 28, 2014, Appellant filed a Motion for New Trial (Exhibit 5), Affidavit in Support of the Motion for new Trial (Exhibit 5), Exhibit "A" Adverse Possession Affidavit, and Order for New Trial (Exhibit 5 (A)). Further, Appellant filed several additional motions including a Notice of Amended Motion for New Trial with an Oral Hearing on September 1, 2014. Appellant make mention of this Amended Motion for New Trial because this is part of Appellant evidence, grounds and arguments presented, so that this Honorable Court should not Dismiss this Appeal for lack of jurisdiction, because Appellant truly believed he had time to file his Notice of Appeal after Judge Baker made her ruling on the motion for new trial, and when Appellant received the Order Denying Motion for New Trial Appellant filed Notice of Appeal. *Heritage Life Ins. Co. v. Heritage Group Holding Corp.,* 751 S.W.2d 229 (Tex. App.— Dallas 1988, writ denied). Appellant did not fail to pay: (a) the appellate filing fee or (b) for the clerk's records, because Appellant had filed Affidavit of inability to pay court cost in the Trial Court (Exhibit 3, page 12). *Home Ins. Co. v. Espinoza,* 644 S.W.2d 44 (Tex. Civ. App.—Corpus Christi 1982, writ ref'd n.r.e.).

3

5. On January 15, 2015, Appellant received ORDER DENYING MOTION FOR NEW TRIAL SIGNED (Exhibit 6) and upon receiving this Order, Appellant filed his Notice of Appeal knowing and believing that he had filed a timely appeal, even up until the Court mailed Notice of May 14, 2015, and Appellees filed there Motion to Dismiss on May 14, 2015.

<u>II. ARGUMENT & AUTHORITY</u>

*Court of Appeal Jurisdiction*

1.      Appellant has demonstrated that any error in timely filing Notice of Appeal is bit more than the result of inadvertence, mistake, or mischance. *Bennett v. BROOCKS BAKER & LANGE, LLP,* Tex: Court of Appeals, 1st Dist. 2014. Appellant file various motion because Appellant feel to this point the evidence has not been heard and the Court should hear this appeal on the merits rather than allowing the courts to close their doors because of Appellant failure to find the way successfully through the labyrinth of procedure. Sanchez v. State, 885 S.W.2d 444, 446 (Tex .App.— Corpus Christi 1994, no pet.) (Yanez, J.).

2.      Appellant is Pro Se, however if the Court will give Appellant a chance to present this cause on the merit and hear this Appeal, Appellant feel that the injustice to this point will be reversed. Appellant ask this Court to recognize that some courts of appeals had previously accepted jurisdiction in such cases under the "procedural irregularity" exception to Rule 83. The court, applying Rule 83,[2] held that the late filing of a notice of appeal within the fifteen-day grace period

---

[2] "A judgment shall not be affirmed or reversed or an appeal dismissed for defects or irregularities, in appellate procedure, either inform or substance, without allowing a reasonable time to correct or amend such defects or irregularities provided the court may make no enlargement of time for filing the transcript and statement of facts except pursuant to paragraph (c) of Rule 54 and except that in criminal cases late filing of the transcript or statement of facts may be permitted on a showing that otherwise the appellant may be deprived of effective assistance of counsel." Tex. R. App. P. 83.

without a motion for an extension of time was a procedural irregularity that could be corrected; a motion for extension of time was therefore "necessarily implie[d]."[3] *Id.* at 445; *see* Tex. R. App. P. 83 (No Affirmance, Reversal or Dismissal for Want of Form or Substance); *see also Boulos v. State,* 775 **S.W.2d** 8 (Tex. App.—Houston [1st Dist.] 1989, pet. ref'd) (jurisdiction retained where notice of appeal filed on fifteenth day after due date, but without a motion for extension of time); *Jiles v. State,* 751 **S.W.2d** 620, 621 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd) (jurisdiction accepted under Rules 2(b) and 83).

3.      Appellant has demonstrated that this is not an ordinary Appeal, this Appeal determines if Appellant becomes a homeless Disable Vietnam Veteran or be allowed to defend Appellant's case on the merit. Appellant feel the Court will agree the untimely Notice of Appeal was bit more than Inadvertence, Mistake or Mischance, but surely not deliberate or intentional. *Hone v. Hanafin,* 104 SW 3d 884 - Tex: Supreme Court 2003.

*Cost of Court and Fees*

1.      Appellant has file Affidavit of Inability to pay Court Cost "Forma Pauperis", on May 14, 2015.

### III. CONCLUSION AND PRAYER FOR RELIEF

---

[3] "The rules of appellate procedure, as embodied by rule 83 and rule 2(b), favor a policy of having the Texas courts of appeals address cases on their merits, rather than allowing the courts to close their doors to appellants who, through no fault of their own, fail to find their way successfully through the labyrinth of procedure." Sanchez v. State, 885 S.W.2d 444, 446 (Tex. App.— Corpus Christi 1994, no pet.) (Yanez, J.).

WHEREFORE, the Defendant prays that he be allowed to proceed in forma pauperis for the prosecution of his appeal and that Appellees' Motion to Dismiss be denied for the sake of Justice.

Respectfully Submitted,

Charles R Wade, Pro Se
4318 Woodmont
Houston, Texas 77045
713-434-0127

## CERTIFICATE OF SERVICE

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), I hereby certify that a true and correct copy of the forgoing instrument has been furnished to Edward J. (Nick) Nicholas, LINEBARGER GOGGAN BLAIR & SAPSON, LLP, 4828 Loop Central Drive, Suite 600, HOUSTON, TEXAS 77081, the following counsel of record by faxing to (713) 844-3504, by E-Mail to: nick.nicholas@lgbs.com and by electronic filing through Efile.Texas.gov, properly addressed and transmitted, May29, 2015.

Charles R Wade, Pro Se
4318 Woodmont Street
Houston, Texas 77045
713-434-0127

Shelly Raymond Wade
8114 Hideaway Lake Circle
Spring, TX 77389
**Efile.Texas.gov**

Dr. Alex Melvin Wade, Jr.
01624189
Mark W. Stiles
3060 FM 3514
Beaumont, Texas 77705
**United States mail**

Dianne Ruth Winzer
Aka Dianne Ruth Wade
13518 Windy Willow Drive
Missouri City, TX 77489
**Efile.Texas.gov**

Liberace Wade
8152 Scenic Hwy., Ste. C
Baton Rouge, LA 70807
**Efile.Texas.gov**

Gary Bernard Wade
15206 Wimberly Park Dr.
Houston, TX 77049
**Efile.Texas.gov**

Patsy Wade
Rt. 4 Box 4860
San Augustine, TX 75972
**Efile.Texas.gov**

Janice Faye Coleman
16727 Lone Quail Ct
Missouri City, TX 77489
**Efile.Texas.gov**

Perdue, Brandon, Fielder, Collins & Mott
Attorneys for Five Corners Improvement District
1235 N. Loop West, Suite 600
Houston, Texas 77008
**Via Facsimile: (713) 862-1429**

**Attorney Annie Briscoe**
1217 Prairie Street
Houston, Texas 77002
(713) 270-8732
**Efile.Texas.gov**

Charles R Wade, Pro Se
4318 Woodmont
Houston, Texas 77045
713-434-0127
Date: May 29, 2015