# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-15-00105-CR

**Justin Murphy, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY
### NO. C-1-CR-07-200104, HONORABLE JON N. WISSER, JUDGE PRESIDING

## O R D E R

**PER CURIAM**

Appellant Justin Murphy filed a notice of appeal from the trial court's order denying his petition for writ of habeas corpus, in which he had sought to collaterally attack his 2007 conviction for the misdemeanor offense of driving while intoxicated. In response, the State filed a motion to dismiss the appeal, arguing that Murphy failed to timely file his notice of appeal. The record supported the State's claim, as the trial court's order was dated August 28, 2014, and Murphy had filed his notice of appeal on February 10, 2015, well beyond the 30-day deadline.[1] No

---

[1] *See* Tex. R. App. P. 26.2(a)(1).

response to the motion to dismiss was filed, and this Court dismissed the appeal as we are required to do when confronted with an untimely notice of appeal.[2]

However, after the appeal was dismissed, Murphy filed a motion for rehearing, asserting for the first time that the trial court had granted him an out-of-time appeal. Attached to the motion for rehearing was a copy of the trial court's order, which had not been included in the clerk's record on original submission. The order grants Murphy's "second petition for writ of habeas corpus," in which he had requested an out-of-time appeal. The order specifies that Murphy, "through no fault of his or his attorney, was denied the opportunity to appeal the Court's order on his first petition for writ of habeas corpus" and directs that Murphy be "granted leave to appeal the Order of this Court signed on August 28, 2014." The order further specifies that the "time to appeal shall commence" as of the date of the order, January 26, 2015. Therefore, Murphy's notice of appeal, filed February 10, 2015, was timely.[3]

---

[2] *See Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

[3] The State, in its response to Murphy's motion for rehearing, asserts that the order granting Murphy's second petition for writ of habeas corpus is "void" because Murphy's second petition did not comply with article 11.59 of the Code of Criminal Procedure, which provides that a subsequent application for writ of habeas corpus may not be granted unless the applicant has obtained "important testimony" that was unavailable when his first application was filed. *See* Tex. Code Crim. Proc. art. 11.59. However, article 11.59 does not apply here. Although Murphy styled his application a "second petition for writ of habeas corpus," the relief that Murphy sought was an out-of-time appeal of his first application, which the trial court was authorized to grant under these circumstances. *See* Tex. Code Crim. Proc. art. 11.09; *Nelson v. State*, 725 S.W.2d 784, 785 (Tex. App.—San Antonio 1987, no pet.); *see also Moore v. State*, No. 03-06-00104-CR, 2008 Tex. App. LEXIS 3575, at *5 (Tex. App.—Austin May 16, 2008, no pet.). *Cf.* Tex. Code Crim Proc. art. 11.04 ("Every provision relating to the writ of habeas corpus shall be most favorably construed in order to give effect to the remedy, and protect the rights of the person seeking relief under it."); *Ex parte McPherson*, 32 S.W.3d 860, 861 (Tex. Crim. App. 2000) (holding that, in context of habeas-corpus application filed pursuant to article 11.07, subsequent application for writ of habeas

2

We have requested from the district clerk's office a supplemental clerk's record containing a certified copy of the trial court's order granting Murphy an out-of-time appeal.[4]  That record has now been filed.  Accordingly, we grant Murphy's motion for rehearing, withdraw our opinion and judgment dated June 18, 2015, and reinstate the appeal.  Murphy's brief shall be due 30 days from the date of this order.

It is ordered on August 14, 2015.

Before Justices Puryear, Pemberton, and Bourland

Do Not Publish

---

corpus was not procedurally barred when first application requested out-of-time appeal); *Ex parte Vance*, 608 S.W.2d 681, 282 (Tex. Crim. App. 1980) (observing that article 11.59 does not "prohibit[] trial courts from entertaining second applications for writ of habeas corpus").

[4]  *See* Tex. R. App. P. 34.5(c)(1) ("If a relevant item has been omitted from the clerk's record, . . the appellate court . . . may by letter direct the trial court clerk to prepare, certify, and file in the appellate court a supplement containing the omitted item.")