**John BERGER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–88–254–CR.**

Court of Appeals of Texas,
Austin.

Nov. 8, 1989.

Rehearing Denied Dec. 6, 1989.

Michael Etchison, Austin, for appellant.

Ronald Earle, Dist. Atty., William G. Reid, Asst. Dist. Atty., Austin, for appellee.

Before POWERS, CARROLL and ABOUSSIE, JJ.

PER CURIAM.

This is an appeal from a judgment of conviction for four counts of possession of a controlled substance; the punishment is imprisonment for thirty years on one count, twenty years on another, and ten years on the two remaining counts. Tex.Rev.Civ. Stat.Ann. art. 4476–15 (Supp.1989). Appellant entered a plea of guilty to each count pursuant to a plea bargain agreement, was found guilty by the district court, and was assessed punishment not exceeding that to which he had agreed.

In his only point of error, appellant contends the district court erred by overruling his motion to suppress evidence. Although this motion was in writing and ruled on before trial, appellant's notice of appeal does not so state. Thus, he has not complied with the notice requirement of Rule 40(b)(1).[1] For this reason, the State urges that the appeal should be dismissed for want of jurisdiction.

A similar situation was presented to this Court in *Jones v. State*, 762 S.W.2d 330 (Tex.App.1988, pet. granted). In *Jones*, however, when the defect in the notice of appeal was pointed out in the State's brief, the appellant promptly filed an amended notice of appeal complying with Rule 40(b)(1). This Court, citing Rule 83, held that the appeal was properly before us.

On April 26, 1989, the State filed a motion to dismiss this appeal for want of

---

1. All references to rules in this opinion are to the Tex.R.App.P.Ann. (Pamph.1989).

jurisdiction, citing the defective notice of appeal. On May 31, this Court overruled the motion in a written order admonishing the parties to *"see Jones v. State."* Appellant apparently did not heed this admonition, as no amended notice of appeal has been filed. As a result, the State in its brief again urges this Court to dismiss the appeal.

Prior to September 1, 1986, Tex.Code Cr. P.Ann. art. 44.02 read as follows:

A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial. This article in no way affects appeals pursuant to Article 44.17 of this chapter.

That portion of the statute beginning with "provided" had been added by amendment in 1977. 1977 Tex.Gen.Laws, ch. 351 § 1. The effect of the proviso was two-fold. It reduced the appellate case load by eliminating appeals following negotiated pleas of guilty, except in those cases in which a pretrial motion was filed or permission of the trial court was obtained. *Morris v. State*, 749 S.W.2d 772, 774 (Tex.Cr.App. 1986). At the same time, it encouraged guilty pleas in those cases in which the only contested issue was the ruling on a pretrial motion by creating a limited exception to the rule of *Helms v. State*, 484 S.W.2d 925 (Tex.Cr.App.1972). *Morgan v. State*, 688 S.W.2d 504, 507 (Tex.Cr.App. 1985).

The proviso to art. 44.02 was repealed by order of the Court of Criminal Appeals effective September 1, 1986. In its place, the court adopted Rule 40(b)(1), which reads:

Appeal is perfected in a criminal case by giving timely notice of appeal; except, it is unnecessary to give notice of appeal in death penalty cases. Notice of appeal shall be given in writing filed with the clerk of the trial court. Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial. The clerk of the trial court shall note on copies of the notice of appeal the number of the cause and the day that notice was filed, and shall immediately send one copy to the clerk of the appropriate court of appeals and one copy to the attorney for the State.

Unlike the art. 44.02 proviso, Rule 40(b)(1) does not expressly limit the scope of an appeal following a negotiated plea of guilty. Instead, it achieves this effect indirectly, by requiring a defendant who entered a negotiated guilty plea to state in the notice of appeal that the matter to be appealed was raised in a pretrial motion or that the permission of the trial court was obtained. A defendant who cannot so state cannot prosecute an appeal of those matters.

The problem, however, is that a defendant who can so state, but does not, is also barred from prosecuting the appeal under the express terms of Rule 40(b)(1). The present appeal illustrates this problem. Appellant filed a written pretrial motion to suppress evidence which was overruled by the district court before trial. Appellant then entered a negotiated plea of guilty, and punishment was assessed in accordance with the agreement. Thus, if this appeal were governed by the former art.

44.02 proviso, the point of error would properly be before us. But the device employed in Rule 40(b)(1) to incorporate the substance of the proviso into the rule—the notice requirement—constitutes an additional precondition for review, and it has not been satisfied.

In *Campbell v. State,* 747 S.W.2d 65 (Tex.App.1988, no pet.), a defendant who had entered a negotiated guilty plea sought to appeal the overruling of his pretrial motions to dismiss and suppress evidence, but his notice of appeal did not comply with Rule 40(b)(1). Rejecting the State's contention that the notice requirement is jurisdictional, the court held that the defect was one of form within the meaning of Rule 83. Although no amended notice had been filed, the court invoked Rule 2(b), suspended the requirements of Rule 40(b)(1), and considered the points of error.

 Like the *Campbell* court, we hold that appellant's failure to comply with the Rule 40(b)(1) notice requirement does not deprive this Court of jurisdiction of this appeal. Under Rule 40(b)(1), all that is necessary to *perfect* an appeal is a written notice of appeal timely filed with the clerk of the trial court. Appellant perfected his appeal in this cause, and could complain of any jurisdictional defect or error that occurred after entry of the plea. *Rosenkrans v. State,* 758 S.W.2d 388 (Tex.App. 1988, pet. ref'd); *Lerma v. State,* 758 S.W.2d 383 (Tex.App.1988, no pet.). However, unlike the *Campbell* court, we hold that in order to prosecute his point of error complaining of the overruling of his pretrial motion to suppress, it was necessary for appellant to comply with the notice requirement. Rule 2(b), as this Court understands it, does not authorize a court of appeals to suspend a particular rule of appellate procedure in every case, which would be the effect of the holding in *Campbell.* Instead, we agree with the holding in *Davis v. State,* 773 S.W.2d 404, 408 (Tex.App.1989, pet. granted), that in respect to those matters to which the Rule 40(b)(1) notice requirement applies, compliance with the rule is necessary to preserve the matter for review. *See also Garcia*

*Rodriguez v. State,* 750 S.W.2d 906 (Tex. App.1988, pet. ref'd).

In this case, appellant's failure to comply with Rule 40(b)(1) was first brought to his attention by the State's motion to dismiss. In overruling this motion, this Court referred appellant to our opinion in *Jones* holding that this omission could be cured by amendment. In the five months since, appellant has not availed himself of the right to amend, even though the matter has again been brought to his attention in the State's brief. We therefore hold that the point of error has not been preserved for review.

The judgment of conviction is affirmed.