IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-222-CR





JUAN RAMOS CASTOR,


a/k/a JOHNNY CASTOR,


 APPELLANT



vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NO. 40,906, HONORABLE JACK W. PRESCOTT, JUDGE PRESIDING


 





PER CURIAM

 After his pretrial motion to suppress evidence was overruled, appellant pleaded
guilty to possessing less than twenty-eight grams of cocaine. Texas Controlled Substances Act,
Tex. Health & Safety Code Ann. § 481.115 (West 1992). Pursuant to a plea bargain agreement,
the district court assessed punishment at imprisonment for ten years. In his notice of appeal,
appellant properly preserved for review the overruling of his motion to suppress. Tex. R. App.
P. 40(b)(1); Jones v. State, 796 S.W.2d 183, 186-87 (Tex. Crim. App. 1990); Berger v. State,
780 S.W.2d 321, 323 (Tex. App.--Austin 1989, no pet.).

 On September 13, 1990, Temple police officer Eleno Alvarado was told by a
confidential informer that four named individuals, including appellant, were en route to Fort
Worth to purchase cocaine for resale in the Bell County area. The informer, who had given Alvarado accurate information in the past that had led to arrests and seizures of controlled
substances, told the officer that the four suspects were in a small blue car, Texas license plate
BLW04L, that was owned and driven by appellant. Alvarado immediately ran a check of the
license plate number and confirmed that the car in question was registered to appellant.

 At 6:30 p.m., two hours after the tip was received, Alvarado and other officers
began watching the southbound lanes of Interstate 35 north of Temple. Shortly after 10:00, they
spotted the suspect automobile and saw that it was occupied by four persons. They relayed this
information to an officer in a marked police vehicle. This officer turned on his emergency lights
and attempted to stop the car, but the driver, identified as appellant, refused to stop. A chase
ensued, during which a passenger in the car threw packages of cocaine out the window. 
Additional cocaine was found inside the car after the police succeeded in stopping it.

 In his only point of error, appellant argues that the warrantless stop and search of
his automobile were unlawful and that the evidence seized was therefore inadmissible. Tex.
Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art. 38.23 (West Supp. 1992). We disagree.

 The "totality of the circumstances" test applies to probable cause determinations
under the Texas constitution. Eisenhauer v. State, 754 S.W.2d 159 (Tex. Crim. App. 1988). In
this cause, Alvarado received a detailed tip concerning drug trafficking from a reliable informer. 
One detail supplied by the informer, that appellant owned the car said to be used by the suspects,
was immediately confirmed by the officer. Other details were confirmed when Alvarado and the
other officers saw the described car, with four occupants as the informer said there would be,
driving south on the primary highway between Fort Worth and Temple. Thus, before any effort
was made to stop appellant's vehicle, the police had verified every facet of the information
supplied by the informer except the existence of the cocaine and the names of the other three
suspects. Considering the totality of the circumstances, we hold that there is a substantial basis
for concluding that probable cause existed to arrest appellant and search his automobile. See
Almendarez v. State, 460 S.W.2d 921 (Tex. Crim. App. 1970). No warrant was necessary, as
the officers had probable cause to believe that an offense was being committed in their view. Tex.
Code Crim. Proc. Ann. art. 14.01 (West 1977).

 Even if it were to be concluded that probable cause did not exist at the moment the
police first attempted to stop appellant's car, the police clearly had at that time specific and
articulable facts from which they could reasonably conclude that appellant and his companions
were engaged in criminal activity. Johnson v. State, 658 S.W.2d 623, 626 (Tex. Crim. App.
1983); see Spillman v. State, 824 S.W.2d 806, 811 (Tex. App.--Austin 1992, pet. ref'd) ("Terry
stops" permissible under Texas constitution). This ripened into probable cause to arrest when
appellant and his companions fled, tossing cocaine out the car windows as they did so.

 The point of error is overruled. The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: November 25, 1992

[Do Not Publish]