IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-528-CR





BOBBY YOUNG,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 0923539, HONORABLE JON N. WISSER, JUDGE PRESIDING



 





PER CURIAM

 After hearing appellant's plea of guilty and judicial confession, the district court
found him guilty of forgery. Tex. Penal Code Ann. § 32.21 (West 1989 & Supp. 1993). 
Appellant also pleaded true to two previous felony convictions and the court assessed punishment,
pursuant to a plea bargain agreement, at imprisonment for twelve years.

 In his only point of error, appellant contends the court erred by overruling his
motion to quash the indictment. We overrule this point for several reasons. First, the notice of
appeal failed to preserve the alleged error. Tex. R. App. P. 40(b)(1); Berger v. State, 780
S.W.2d 321 (Tex. App.--Austin 1989, no pet.). Second, the alleged defect in the indictment of
which appellant now complains was not brought to the attention of the district court in either the
motion to quash or at the hearing held thereon. Tex. R. App. P. 52(a). Third, appellant's brief
makes no effort to demonstrate that the alleged defect in the indictment hindered his ability to
prepare a defense. Adams v. State, 707 S.W.2d 900, 903 (Tex. Crim. App. 1986). We note in
this connection that defense counsel acknowledged at the hearing below that the prosecutor had
opened his file to the defense. Finally, appellant's complaint on appeal is patently without merit. 
Appellant argues that "the placement of the term `which purported to be the act of [the
complainant]' creates an ambiguity as to which portion of the indictment it modifies." We find
no such ambiguity in the indictment, which alleges that appellant "knowingly possess[ed] a writing
that had been made so that it purported to be the act of [the complainant]."

 The judgment of conviction is affirmed.



[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: August 11, 1993

[Do Not Publish]