IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-069-CR





PAUL ETIE,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 0915714, HONORABLE BOB JONES, JUDGE PRESIDING


 





PER CURIAM

 After accepting appellant's plea of guilty and hearing his judicial confession, the
district court found appellant guilty of possessing less than twenty-eight grams of amphetamine. 
Texas Controlled Substances Act, Tex. Health & Safety Code Ann. § 481.116 (West 1992). 
Pursuant to a plea bargain agreement, the court assessed punishment at imprisonment for eight
years.

 Appellant's sole point of error is that the court erred by overruling his pretrial
motion to suppress evidence. Appellant did not preserve this point for review, however, because
his notice of appeal does not comply with rule 40(b)(1). Tex. R. App. P. 40(b)(1); Jones v. State,
796 S.W.2d 183 (Tex. Crim. App. 1990); Berger v. State, 780 S.W.2d 321 (Tex. App.--Austin
1989, no pet.); see also Riley v. State, 825 S.W.2d 699 (Tex. Crim. App. 1992).

 Were we to reach the merits of appellant's point, we would overrule it. The
evidence at the suppression hearing reflects that appellant was arrested pursuant to warrant as he
stepped from his pickup truck. Appellant does not contest the legality of this arrest. Immediately
after the arrest, an officer searched the interior of the pickup and found the amphetamine in a
satchel on the seat. The disputed issue below was whether the search of the pickup was a lawful
inventory search. But the search of the passenger compartment of the truck and the containers
therein may be upheld as a lawful incident of appellant's arrest. New York v. Belton, 453 U.S.
454, 460-61 (1981); Williams v. State, 726 S.W.2d 99, 101 (Tex. Crim. App. 1986); see State
v. Williams, 814 S.W.2d 256, 260 (Tex. App.--Austin 1991), aff'd, 832 S.W.2d 52 (Tex. Crim.
App. 1992) (ruling on motion to suppress may be sustained on theory not presented to trial court).

 The judgment of conviction is affirmed.


Before Justices Powers, Jones and Kidd

Affirmed

Filed: December 8, 1993

Do Not Publish