Opinion issued August 19, 2004 


 
 











In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-04-00822-CR
____________

IN RE JERNEAL D. CAMPBELL, Relator




Original Proceeding on Petition for Writ of Mandamus



 
MEMORANDUM OPINION
               Relator, Jerneal D. Campbell, filed in this Court a pro se petition for writ
of mandamus requesting that we order respondent


 to take the following actions in
cause number 907021, pending in the district court: (1) conduct an examining trial;
(2) appoint an investigator; (3) discharge relator’s court-appointed counsel and
appoint substitute counsel; and (4) rule expeditiously on relator’s pro se motions.
               A writ of mandamus will issue to correct a clear abuse of discretion or the
violation of a duty imposed by law when there is no adequate remedy at law. 
Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994) (orig.
proceeding). If the respondent trial court has a legal duty to perform a
nondiscretionary act, the relator must make a demand for performance that the
respondent refuses. Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st
Dist.] 1992, orig. proceeding). The relator must also provide this Court with a
sufficient record to establish his right to mandamus relief. Walker v. Packer, 827
S.W.2d 833, 837 (Tex. 1992).
               We deny relief for the following reasons:
(1)Relator’s right to an examination trial was terminated by the
return of the indictment in cause number 907021. Campbell
v. State, 747 S.W.2d 65, 67 (Tex. App.—Houston [1st Dist.]
1988, no pet.).
 
(2)Respondent has no duty to rule on relator’s pro se motions
because relator is represented by appointed counsel, and
relator is not entitled to hybrid representation. In re Cooks,
No. 06-04-00053-CV, slip op. at 2 (Tex. App.—Texarkana
Apr. 29, 2004, orig. proceeding); Gray v. Shipley, 877
S.W.2d 806 (Tex. App.—Houston [1st Dist.] 1994, orig.
proceeding).
 
(3)Respondent has no duty to discharge relator’s appointed
counsel and search for substitute counsel agreeable to
relator. Buntion v. Harmon, 827 S.W.2d 945, 949 (Tex.
Crim. App. 1992); Solis v. State, 792 S.W.2d 95, 100 (Tex.
Crim. App. 1990).
 
(4)Relator’s petition does not meet the requirements of the
Texas Rules of Appellate Procedure in that it does not certify
that a copy was served on respondent. See Tex. R. App. P.
9.5.
 
(5)Relator has not provided us with a record that shows
respondent trial court clearly abused its discretion or violated
a duty imposed by law. Canadian Helicopters Ltd., 876
S.W.2d at 305.

               The petition for writ of mandamus is denied.
               
PER CURIAM
Panel consists of Justices Nuchia, Alcala, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).